**HOVANEC, Plaintiff-Appellant, v. SCANLON, Admr. Bureau of Workmen's Compensation, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3886. Decided April 4, 1957.

Green, Schiavoni & Anderson, Youngstown, for plaintiff-appellant.
William Saxbe, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

Per CURIAM.

Defendant appealed to this court on questions of law from a judgment of the court of common pleas striking from the files of that court plaintiff's notice of appeal to that court from a ruling of the Industrial Commission of Ohio adverse to him for the reason plaintiff's employer was not named in his notice of appeal filed in that court. That notice of appeal is as follows:—

"STATE OF OHIO    )        IN THE COURT OF
MAHONING COUNTY) SS.    COMMON PLEAS

"MICHAEL J. HOVANEC,   )
        PLAINTIFF,  )
      vs        )

                    NOTICE OF APPEAL.

"JOSEPH SCANLON,     )
ADMINISTRATOR,
BUREAU OF WORKMEN'S )
COMPENSATION,
                 )
       DEFENDANT.

"Comes now Michael J. Hovanec and files this notice of appeal from a decision by the Industrial Commission of Ohio rendered under date of March 27, 1956, at which time his appeal from the Canton Regional Board of Review, denying his application for compensation as a result of an accidental injury sustained on April 2, 1955, while in the employ of the Youngstown Sanitary Milk Company was denied. Notice of such disallowance by the Industrial Commission of Ohio was mailed to the plaintiff under date of March 27, 1956. Plaintiff's claim was given Claim No. 2052605 in the files of the Industrial Commission of Ohio. Plaintiff contends that the findings by the Industrial Commission of Ohio and by the Canton Regional Board of Review was in disregard of the facts and that he is entitled to Workmen's Compensation as a result of the

accidental injury which he received on April 2, 1955 while in the employ of the Youngstown Sanitary Milk Company.

"Plaintifi requests a trial by jury, praying judgment against the defendant, in that a finding may be made in his favor for compensation and that he be given the right to participate in the benefits of the Workmen's Compensation Fund."

Plaintiff by asignments of error contends:—

"1. The court of common pleas of Mahoning County erred in sustaining defendant, Joseph Scanlon's motion to dismiss plaintiff's notice of appeal and to strike plaintiff's petition from the records of the court of common pleas.

"2. The court of common pleas of Mahoning County erred in dismissing plaintiff's notice of appeal and striking plaintiff's petition from the records of the court of common pleas, without affording appellant an opportunity to amend.

"3. The judgment of the court of common pleas of Mahoning county is contrary to law."

The questions presented by plaintiff's assigned grounds of error are based upon the following facts as interpreted by appellant's counsel:—

"The first question of law presented in this cause is whether a notice of appeal filed in the court specified and within the time limited by §4123.519 R. C., is so defective as not to invest a court of common pleas with jurisdiction to hear an appeal from a decision of the Industrial Commission of Ohio, where the caption of such notice contains the name and title of the Administrator of the Bureau of Workmen's Compensation as defendant, but not the name of the employer of the plaintiff, but where the name of plaintiff's employer is stated in the main body of the notice.

"The second question of law is whether a court of common pleas may strike from the files a notice of appeal which is defective in that its caption fails to name an appellee, without affording to the appellant an opportunity to amend."

Sec. 4123.519 R. C., provides in concise unambiguous language that:—

"* * * The administrator of the bureau of workmen's compensation, the claimant and the employer shall be parties to such appeal and the commission shall be made a party if it makes application therefor. * * *."

The requirements of the statute must be complied with strictly. The employer had the right to be named as a party. Merely naming the employer in the body of the notice of appeal filed in the court of common pleas, as was done in the case under consideration, does not meet the requirements of the statute.

We find no merit in claimant's contention that the Industrial Commission must assume claimant's responsibility for notifying the employer by notifying the parties to the appeal.

We believe, as stated by the commission by brief, that:—

"Admittedly, after the notice of appeal is properly filed and has properly named the required parties as parties (including the employer), then, and then only, the Commision notifies the parties who are required to have been named by appellant.

"The last sentence of appellant's brief on page 7, states, that in sharp contrast to §5717.04 R. C., §4123.519 R. C., imposes on the Industrial Commission the duty to notify the appellees. Admittedly, this is true but only appellant does name, and is required to name, the appellees and in this case he failed to do so."

Sec. 2309.03 R. C., mandatorily provides:—

"Every pleading must contain the name of the court and county in which the action is brought, and the names of the parties, followed by the name of the pleading."

Plaintiff failed to name his employer as a party in the caption or as a party elsewhere in the body of the notice of appeal. Merely identifying plaintiff's employer by name in the body of the notice of appeal he did not thereby comply with the statutory requirements and did not make plaintiff's employer a party to the action.

In **Gregg v. Mitchell, 99 Oh Ap 350,** it is said:—

"Where a special statute prescribes the method of appeal from a particular order, such statute is controlling and the general statutes providing for appeal have no application; and compliance with the general statute, but not with the special statute, is not sufficient to perfect such appeal."

Plaintiff had no inherent right to appeal. The right is purely statutory, and the statute conferring the right must be construed and enforced strictly.

In **American Restaurant & Lunch Co. v. Glander, 147 Oh St 147** at page 150, it is said:—

"* * * The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred. * * *."

The only method by which plaintiff could perfect his appeal in a workmen's compensation case is prescribed by §4123.519 R. C., with the specific provisions of which plaintiff did not comply. There must be complete compliance with the statutory provisions granting the right of appeal.

Obviously, we conclude that the court of common pleas did not err to plaintiff's prejudice in dismissing appellant's notice of appeal and striking plaintiff's petition from the records of the court of common pleas without affording plaintiff an opportunity to amend his notice of appeal.

General appeal statutes upon which plaintiff relies are not applicable in this appeal. Sec. 4123.519 R. C., is a special statute applicable in the appeal under review.

It is held in the cases of **Oliver v. Evatt, 144 Oh St 231, Kenney v. Evatt, 144 Oh St 369.** and **Lutz v. Evatt, 144 Oh St 341,** that failure to comply with the requirement as specifically set forth for appeals in that specific type of case was grounds for dismissal.

The judgment of the court of common pleas is affirmed.

GRIFFITH and PHILLIPS, JJ, concur.
NICHOLS, PJ, dissents.

## DISSENTING OPINION

By NICHOLS, PJ.

In the paper denominated "Notice of Appeal" the appellant has set forth every fact prescribed by the Legislature for incorporation in such notice of appeal. There is no requirement that a caption precede the statement of such matters as are prescribed in §4123.519 R. C. This section of the Code prescribes who shall be parties to the appeal, and it was the duty of the Commission to give notice to the parties named in the section, including the employer. No duty rested upon the appellant in that respect. The employer's name is specifically stated in this notice of appeal.

Sec. 2309.03 R. C., does not mandatorily require a caption to a pleading as a prerequisite to jurisdiction of the action, but merely requires that the pleading must contain the name of the court and county in which the action is brought and the names of the parties followed by the name of the pleading.

If there is an irregularity in the caption under the general statute a motion to amend would be in order but not a motion to dismiss for such irregularity. A pleading is never tested by the caption but by the allegations contained in the body thereof.

A notice of appeal is not a "pleading" under the special statute.

The trial court was in error in sustaining defendant's motion to dismiss the appeal and the cause should be remanded for further proceedings according to law.