GILLIAM, APPELLANT, *v.* FRIGIDAIRE DIVISION, GENERAL MOTORS CORP., ET AL., APPELLEES.

(No. 2613—Decided May 6, 1961.)

*Mr. V. A. Ketchum* and *Mr. Kenneth Agee*, for appellant.

*Messrs. Cowden, Pfarrer, Crew & Becker*, for appellee Frigidaire Division, General Motors Corporation.

*Mr. Mark McElroy*, attorney general, and *Mr. William G. Carpenter*, for appellees Administrator, Bureau of Workmen's Compensation, and the Industrial Commission.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County sustaining a motion to dismiss the notice of appeal and petition filed in that court in a case which arose under the Workmen's Compensation Act.

The record discloses that the Dayton Regional Board of Review disallowed the plaintiff's claim by an order dated June 26, 1958, which order concludes as follows:

"It is the finding and decision of the board that claim is disallowed for the reason the board find claimant's disability is not the result of an injury sustained in the course of and arising out of employment with the named employer.

"Either interested party has right of appeal to the Industrial Commission within twenty (20) days from date of receipt of this finding and decision."

An appeal to the Industrial Commission from that order within twenty days resulted as follows:

"This day to wit, August 21, 1958, this claim coming on for consideration of the commission upon claimant's appeal, filed July 17, 1958, together with the other proof of record, upon consideration thereof, it is ordered that the appeal filed July 17, 1958, by the claimant from the order made June 26, 1958, by the Dayton Regional Board of Review, be refused."

On October 9, 1958, the plaintiff filed a notice of appeal with the Common Pleas Court and the Industrial Commission in the following form:

"The Common Pleas Court of Montgomery County, Ohio, and the Industrial Commission of Ohio will take notice that George V. Gilliam, the claimant in claim number 367941-22 is appealing from the order of the Industrial Commission dated August 21, 1958, wherein Frigidaire Division, General Motors Corporation is the employer."

Thereafter, a motion to dismiss the appeal was sustained on the ground that the Court of Common Pleas did not have jurisdiction of the subject matter of the action because plaintiff's notice of appeal was from the order of the Industrial Commission dated August 21, 1958, rather than from the decision of the Dayton Regional Board of Review dated June 26, 1958.

Section 4123.519, Revised Code, governs such appeals, and as effective October 9, 1958, and insofar as pertinent, provided:

"*The claimant or the employer may appeal a decision of the Industrial Commission in any injury case*, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. *Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal* to the commission. Notice of such appeal shall be filed by the appellant with the commission and the Court of Common Pleas within sixty days after the date of receipt of the decision of the commission appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court.

"*Notice of appeal shall state* the names of the claimant and the employer, the number of the claim, *the date of the decision appealed from and the fact that the appellant appeals therefrom.*" (Emphasis ours.)

As may be noted therefrom, the claimant or the employer may appeal from a decision of the Industrial Commission or from a decision of a regional board from which the commission has refused to permit an appeal. No further authority to appeal is granted by the statute, and the Court of Common Pleas has no inherent jurisdiction, exclusive of the statute, to entertain an appeal. Here the order of August 21, 1958, makes no

determination concerning the merit of the plaintiff's claim. Nor does it foreclose the plaintiff's right to have a judicial determination of the issues involved. It merely refused the appeal, and had the Legislature looked upon such an order as appealable, there would have been no necessity for providing the alternative course of appeal from the regional board of review in those cases where the Industrial Commission refused to permit an appeal. Once the appeal was refused by the Industrial Commission, the statute afforded the plaintiff an alternative, but not an option. His only available course, at that point, was to appeal from the decision of the Dayton Regional Board of Review dated June 26, 1958. The notice of appeal filed on October 9, 1958, is therefore defective in that it does not state "the date of the decision appealed from and the fact that the appellant appeals therefrom" as required by the statute.

In this regard, the Supreme Court has often held that where a statute confers the right of appeal, adherence to the conditions imposed thereby is essential to the enjoyment of that right. *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.*, 147 Ohio St., 147; *Zier* v. *Bureau of Unemplopment Compensation*, 151 Ohio St., 123; *Zephyr Room, Inc.*, v. *Bowers, Tax Commr.*, 164 Ohio St., 287; *Queen City Valves, Inc.*, v. *Peck, Tax Commr.*, 161 Ohio St., 579.

In the case of *Hovanec* v. *Scanlon, Admr.*, 78 Ohio Law Abs., 376, the Court of Appeals of the Seventh Appellate District applied the same rule in holding that a Court of Common Pleas may strike a notice of appeal in an appeal from a decision of the Industrial Commission to the Court of Common Pleas where such appeal is defective in that its caption fails to name an appellee required to be named under the provisions of Section 4123.519, Revised Code.

The identical question now before us has been decided by the Court of Appeals for Franklin County in the case of *Gordon* v. *Young, Admr.*, 113 Ohio App., 81, decided July 29, 1960. (Appeal as of right dismissed, 171 Ohio St., 446, and motion to certify the record overruled, January 11, 1961.) After an exhaustive opinion, that court affirmed the judgment of the Court of Common Pleas dismissing the appeal because of the defect in the notice of appeal. The *Gordon* case refers to a similar con-

clusion reached by the Court of Appeals of the Eighth Appellate District on the same question in the case of *Alloway* v. *Young, Admr.*, unreported, case No. 25158 on the docket of the Court of Appeals for Cuyahoga County. Although we are not bound by the conclusions in those cases, no justification for departing therefrom is apparent except the normal apprehension which accompanies the disposition of any case on procedural grounds.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.