CHAMP, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

(No. 2914—Decided June 28, 1965.)

*Mr. Emanuel Nadlin,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Robert M. Duncan,* for appellee Elmer A. Keller.

*Messrs. Cowden, Pfarrer, Crew & Becker,* for appellee General Motors Corporation.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County.

The facts, as related by the defendants, appellees herein, are apparently undisputed. It appears therefrom that on or about October 6, 1961, Schuyler Champ, the plaintiff, appellant herein, was an employee of General Motors Corporation, Frigidaire Division, in Montgomery County. On June 12, 1962, he filed with the Bureau of Workmen's Compensation an appli-

cation for adjustments of claim seeking compensation and benefits under the Workmen's Compensation Law alleging that on October 6, 1961, he suffered an injury in the course of and arising out of his employment. His claim was disputed by the employer.

After investigation the claim was heard by the deputy administrator at Dayton on December 18, 1962, and on January 21, 1963, the deputy administrator issued his findings and ordered the claim allowed. The employer then filed an application for reconsideration, and on May 3, 1963, the administrator denied reconsideration and issued an order affirming the order of the deputy.

The employer then appealed to the Dayton Regional Board of Review, where the claim was heard on appeal on August 29, 1963. On October 8, 1963, the Dayton Regional Board of Review issued its finding and decision disallowing the claim and vacating the orders of the administrator and the deputy administrator.

The claimant, on October 23, 1963, then filed an application with the Industrial Commission requesting the commission to hear his claim on appeal. On November 8, 1963, the commission issued its notice that the appeal was allowed.

On January 9, 1964, the claim was heard by the Industrial Commission on the appeal of the claimant. The commission disallowed the claim and affirmed the order of the Dayton Regional Board of Review "for the reason that the same is supported by proof of record and is not contrary to law."

The decision of the Industrial Commission was dated January 9, 1964, and was mailed January 27, 1964.

On March 13, 1964, the claimant, Schuyler Champ, filed a notice of appeal in the Common Pleas Court of Montgomery County in the form following:

"The Bureau of Workmen's Compensation and its administrator and the General Motors Corporation, Frigidaire Division, the employer herein, will hereby take notice that the Applicant, Schuyler Champ, is hereby appealing from the decision of the Dayton Regional Board of Review as well as the decision of the Industrial Commission of Ohio. The date of the decision of the Dayton Regional Board of Review was August 30, 1963, and *the date the decision of the Industrial Commission*

*of Ohio was received was January 28, 1964.* The claim number before the Bureau of Workmen's Compensation was 39546322. Notice is hereby given that the appellant appeals from said decisions.'' (Emphasis ours.)

On April 3, 1964, the claimant filed his petition, as required by Section 4123.519, Revised Code, wherein he recites that he "* * * filed with the Common Pleas Court of Montgomery County, Ohio, and by mail to *Elmer A. Keller, Administrator, Bureau of Workmen's Compensation,* and likewise to General Motors Corporation, Frigidaire Division, notice of appeal to the Common Pleas Court of Montgomery County, Ohio.'' (Emphasis ours.)

On August 19, 1964, the defendant General Motors Corporation filed a motion to dismiss the notice of appeal and the petition for the reason that:

(1) The notice of appeal was not filed with the Industrial Commission;

(2) The notice of appeal does not set forth the date of the decision appealed from; and

(3) The notice of appeal fails to specify the decision from which the appeal is attempted.

The defendant's motion to dismiss was sustained by the trial court on October 16, 1964, and the present appeal is from the order sustaining the motion.

As a basis for sustaining the motion, considerable emphasis was placed on the decision of this court in *Gilliam* v. *Frigidaire Division, General Motors Corp.,* 115 Ohio App. 551, the holding of which was later approved by the Supreme Court of Ohio in *Parker* v. *Young, Admr.,* 172 Ohio St. 464. However, it does not appear that those cases have any more than a remote bearing upon the facts of the present case. In each of those cases, the claimant attempted to appeal from an order which was not appealable, but the order from which the appeal was taken in the present case was clearly appealable. The question presented here, more specifically, is whether the designation of the date the decision of the Industrial Commission was received rather than the date of the decision itself satisfies the requirements of Section 4123.519, Revised Code.

This question appears to have been answered in the case of *Singer Sewing Machine Co.* v. *Puckett,* 176 Ohio St. 32. The

facts of that case vary only slightly from the facts of the present case, and the law pronounced therein is as follows:

"1. A notice of appeal which in its body names and designates the parties as employer and claimant, states the claim number, and correctly states that the appeal is from the decision of the Industrial Commission complies with the provisions of Section 4123.519, Revised Code, even though the date of decision stated therein was the date notice of such decision was mailed by the commission to the persons entitled to such notice."

We are judicially bound by the *Singer case* and must hold therefore that the notice of appeal filed in the present case sufficiently described the decision appealed from.

More critical, in our opinion, is the fact that the notice of appeal was not filed with the Industrial Commission.

Section 4123.519, Revised Code, specifically provides:

"* * * Notice of such appeal shall be filed by the appellant with the commission and the Court of Common Pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court."

This statutory language makes no allowance for construction. It clearly requires that the notice of appeal be filed with the Industrial Commission in order to vest jurisdiction in the court. Hence, the conclusion is inescapable that the failure to file the notice of appeal with the commission deprived the court of jurisdiction. See, generally, *Zier* v. *Bureau of Unemployment Compensation,* 151 Ohio St. 123; *Szekely* v. *Young, Admr.,* 174 Ohio St. 213.

The judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.