DAVIDSON, APPELLANT, *v.* KELLER, ADMINISTRATOR, BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

[Cite as Davidson v. Keller, Admr., 9 Ohio App. 2d 340.]

(No. 3068—Decided February 4, 1967.)

Mr. *R. James Kemper*, for appellant.
Mr. *William B. Saxbe*, attorney general, and Mr. *William A. Rogers, Jr.*, for appellees.

CRAWFORD, J. The facts in this case are not in dispute. Plaintiff, appellant herein, filed a claim for benefits under the Workmen's Compensation Act, which was disallowed by the deputy administrator. Plaintiff appealed to the Dayton Regional Board of Review which affirmed the order. He then appealed to the Industrial Commission which refused to permit the appeal.

On August 18, 1965, he received notice of this decision of the Industrial Commission. On the fifty-eighth day thereafter, namely, on October 15, 1965, he filed with the Court of Common Pleas his notice of appeal. He also sent by certified mail a copy of the notice of appeal to the Bureau of Workmen's Compensation which, through an agent, signed a return receipt showing the date of delivery to be October 18, 1965. The copy of the notice was stamped as received by the Bureau of Workmen's Compensation on October 19, 1965, and by the Industrial Commission on October 20, 1965.

Section 4123.519, Revised Code, provides that such notice of appeal shall be filed with the commission, as well as with the Court of Common Pleas, within sixty days after the date of receipt of the decision appealed from or of the order of the commission refusing to permit an appeal from a Regional Board of Review. Therefore, the notice of appeal was required to be filed with the Industrial Commission within sixty days from August 18, 1965. The sixtieth day fell upon Sunday, October 17; that day is to be excluded, according to Section 1.14, Revised Code, so that the last day for filing was actually Monday, October 18, 1965.

The serious question in the case is whether the notice was filed with the Industrial Commission on that date.

Plaintiff contends that the notice was filed with the Industrial Commission on October 18 when it was received by the Bureau of Workmen's Compensation, because the bureau is an agent of the Industrial Commission. He argues that the Administrator of Workmen's Compensation, who administers the bureau and who is a defendant-appellee, is located in the same building with, and is by statute an agent for, the Industrial Commission, that he accepted the notice in the name of the bureau, and that this constituted notice to the Industrial Commission as required by the statute.

A careful reading of Chapter 4121, Revised Code, will disclose the invalidity of plaintiff's arguments. The bureau, the office of administrator, and the Industrial Commission are all creatures of statute constituted in different ways and charged with separate although related powers and duties. Neither the administrator nor the bureau is given any statutory authority to accept notices of appeal required to be filed with the Industrial Commission. Nor has any court, to our knowledge, ever so construed the statutes.

It has been held time and again that the right of appeal in these cases and from similar tribunals, being conferred by statute, must be exercised in strict accordance with statutory requirements.

*Parker* v. *Young, Admr.* (1961), 172 Ohio St. 464; *Starr* v. *Young, Admr.* (1961), 172 Ohio St. 317; *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.* (1946), 147 Ohio St. 147 (Board of Tax Appeals); *Lutz* v. *Evatt, Tax Commr.* (1945), 144 Ohio St. 341 (Board of Tax Appeals); *Oliver* v. *Evatt, Tax Commr.* (1944), 144 Ohio St. 231 (Board of Tax Appeals); *Mosholder Motor Freight, Inc.,* v. *Public Utilities Comm.* (1954), 162 Ohio St. 198 (Public Utilities Commission); *Volz* v. *Volz* (1957), 167 Ohio St. 141 (Juvenile Court).

The statute provides that notice must be given to the Industrial Commission within the specified time. This has not been done.

The Court of Common Pleas dismissed the appeal for lack of timely statutory notice to the Industrial Commission. The law clearly required such action.

The judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.