AHRNS, AUD., APPELLANT, *v.* BOARD OF TAX APPEALS, APPELLEE.

[Cite as Ahrns v. Bd. of Tax Appeals (1970), 22 Ohio App. 2d 179.]

(No. 392—Decided June 10, 1970.)

*Mr. Edmund G. Peper,* prosecuting attorney, for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. R. A. Malrick,* for appellee.

COLE, P. J. This is an appeal from a decision of the Board of Tax Appeals under the provisions of Section 5717.04, Revised Code. It is undisputed that the decision of the board was entered on its journal of proceedings on December 11, 1969. It is further undisputed that notice of appeal

(a) Was filed in the Court of Appeals on January 12, 1970;

(b) Was mailed to the Board of Tax Appeals by registered mail on January 13, 1970, and received January 14, 1970.

Section 5717.04, Revised Code, provides, in part:

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceeding, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. * * *"

Thirty days from December 11, 1969, was January 10, 1970, which fell on Saturday. However, the Henry County Court House is closed on Saturday and, of course, on Sunday. Therefore, under Section 1.14, Revised Code, the last day for filing a notice of appeal under Section 5717.04, Revised Code, was Monday, January 12, 1970; and notice of appeal was duly filed that day in the Court of Appeals.

However, no notice of appeal was filed with the Board of Tax Appeals until after the last day had passed. Appellee moves this court to dismiss the appeal on the ground that the notice of appeal with the board was belatedly filed and that this court has no jurisdiction.

In *Zier* v. *Bureau of Unemployment Comp.*, 151 Ohio St. 123, the first paragraph of the syllabus reads:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

In the opinion, at page 127, it is said:

"We are in accord with the view that the procedure directed by the above provisions relative to parties and proofs of service of notice does not constitute conditions precedent to jurisdiction, but compliance with the requirements as to the filing of the notice of appeal—the time of filing, the place of filing and the content of the notice as specified in the statute—are all conditions precedent to jurisdiction."

Another appellate procedure was there involved, but a dual filing was required, and what the court states is quite

as applicable to the present case. Here is a mandatory requirement as to time and place of filing. The notice must be filed within the 30-day period and in two places: the court to which appeal is taken and with the board.

In *Kenney* v. *Evatt, Tax Commr.,* 144 Ohio St. 369, the order of the board was made on July 27, 1944. On August 26, 1944, the appellant filed notice of appeal in the Supreme Court and an affidavit by counsel that he had ''sent a copy of the notice of appeal by registered mail to the *Tax Commissioner.''* The transcript of the record of proceedings of the board failed to show that any notice was filed with the board. The court held that the failure to give notice to the board was a failure to comply with a mandatory provision of the statute which in essence had the same requirements as the present statute but limited the court to the Supreme Court.

If the filing of notice with the board is a mandatory requirement, then the filing of that notice within the time specified is also mandatory. The appellant has thirty days to accomplish both filings; if he fails to do either, a mandatory jurisdictional requirement is omitted.

See, also, *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.,* 147 Ohio St. 147; *Champ* v. *Admr., Bureau of Workmen's Comp.,* 11 Ohio App. 2d 183; *Davidson* v. *Keller, Admr.,* 9 Ohio App. 2d 340; *Richter Transfer Co.* v. *Bowers, Tax Commr.,* 174 Ohio St. 113; *Detelich* v. *Dept. of Liquor Control,* 62 Ohio Law Abs. 195.

In this respect it is helpful to compare this special procedure with the ordinary appellate procedure. In ordinary appeals, except in cases where leave to appeal is required, the normal mode of perfecting appeals is by the filing of notice in the court *from* which appeal is taken. Thus, the normal analogous basic step here would appear to be that requiring filing with the board. The extra step required by this statute is to require filing in the court *to* which appeal is taken, thus commencng the case at once in that court rather than delaying the commencing until the filing of a transcript. This being the case, we feel the time limit is especially applicable to filing with the board, and

182

failure to file notice with it within thirty days is jurisdictional.

The motion of appellee to dismiss is granted.

*Appeal dismissed.*

YOUNGER and GUERNSEY, JJ., concur.