Wires, Appellant, *v.* Doehler-Jarvis Div. of NL Industries, Inc. et al., Appellees.

(No. 7487—Decided April 12, 1974.)

*Mr. Ted R. Greiner* and *Mr. Allan Hendricks*, for appellant.

*Mr. James M. Tuschman,* for appellees.

Brown, J.  Plaintiff Katherine Wires, the appellant, a workmen's compensation claimant, appeals from an order of the Lucas County Court of Common Pleas in a workmen's compensation case overruling the plaintiff's motion

to dismiss the appeal by defendant Doehler-Jarvis Division of NL Industries, Inc., an appellee, the employer of Katherine Wires. The appeal of the employer Doehler-Jarvis to the Court of Common Pleas is from an order of the industrial commission which had affirmed the decision of the Toledo regional board of review allowing plaintiff's workmen's compensation claim.

After an appeal to the Court of Common Pleas, that court, after overruling plaintiff's motion to dismiss the appeal, held a jury trial to determine plaintiff's right to participate in the workmen's compensation fund. The jury rendered a verdict for the employer denying plaintiff's right to participate.

The only error claimed here upon review is that the Court of Common Pleas erred in overruling plaintiff's motion to dismiss the cause in that court, where the case was pending on appeal from the industrial commission. The basis for plaintiff's contention that the Court of Common Pleas should have dismissed the case and appeal is the argument that the Notice of Appeal filed by the employer with the industrial commission and the Court of Common Pleas in appealing the order of the industrial commission was legally insufficient because of defendant's failure to comply with the requirements provided in R. C. 4123.519 and, therefore, the jurisdiction of the Court of Common Pleas was not invoked. Plaintiff argues that as a logical consequence, the appeal to the Court of Common Pleas and the jury verdict rendered for her employer is a nullity, and that relief appropriate thereto should be granted plaintiff.

The error assigned and contention advanced by the parties requires an examination of the Notice of Appeal filed in the present case and the interpretation of R. C. 4123.519, which is applicable.

R. C. 4123.519, inter alia, provides:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case * * *.

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date

of the decision appealed from, and the fact that the appellant appeals therefrom.

"The administrator of the bureau of workmen's compensation, the claimant, and the employer shall be parties to such appeal and the commission shall be made a party if it makes application therefor."

The notice of appeal in the present case reads as follows:

"In The Court of Common Pleas of Lucas County, Ohio

| "Doehler-Jarvis Division of<br>NL Industries, Inc.<br>1945 Smead Avenue<br>Toledo, Ohio 43601,<br>    Employer-Appellant<br>        v.<br>"Katherine I. Wires<br>6926 West Central Avenue<br>Toledo, Ohio 43617<br>      and<br>"Joseph J. Sommer, as<br>Administrator of the Bureau<br>of Workmen's<br>Compensation,<br>    Defendants-Appellees | Claim No. 454866-22<br>C. P. No. 72-0320<br><br>*Notice Of Appeal*<br>Trial Attorney:<br>    James M. Tuschman<br>    811 Madison Avenue<br>    Toledo, Ohio 43624<br>    241-4201 |

\* \* \*

"Pursuant to the provisions of Section 4123.519, *Ohio Revised Code*, the appellant, Doehler-Jarvis Division of NL Industries, Inc., hereby gives Notice of appeal to the Common Pleas Court of Lucas County, Ohio from the final order, adjudication and decision of the Industrial Commission of Ohio in Claim No. 454866-22, entered December 20, 1971 and received in this proceeding on January 5, 1972. Said order denied the employer's appeal and affirmed the previous order of the Toledo Regional Board of Review.

"Appellant, Doehler-Jarvis Division of NL Industries, Inc., appeals from that decision.

"The said claimant and the Administrator of the Bur-

eau of Workmen's Compensation are made parties to this appeal.

"A similar copy of this Notice of Appeal has been filed with the Industrial Commission of Ohio, Columbus, Ohio.
"Shumaker, Loop & Kendrick

---

"James M. Tuschman
811 Madison Avenue
Toledo, Ohio 43624
241-4201
"Trial Attorneys for Employer-Appellant
"Certificate

"A copy of the foregoing Notice of Appeal was mailed to Jack Gallon, Esquire, 5650 West Central Avenue, Section B, Toledo, Ohio 43615, attorney for claimant-appellee, this 17th day of February, 1972.
"Shumaker, Loop & Kendrick

---

"James M. Tuschman
"Trial Attorneys for Employer-Appellant"

Plaintiff's contention that the Notice of Appeal filed with the Court of Common Pleas is insufficient narrows down factually to the specific argument that such Notice of Appeal failed to state the name of the claimant in the Notice of Appeal. It is apparent from an examination of the record in this case, considered in its entirety, that Katherine I. Wires is the claimant in this case, and no other conclusion or possibility exists from such examination.

Plaintiff points out that although the name Katherine I. Wires appears in the caption of the Notice of Appeal, she is not designated or described as the claimant, and thus the Notice of Appeal does not "state the names of the claimant and the employer * * *" within the foregoing mandate of R. C. 4123.519. However, in the third paragraph of the Notice of Appeal it is stated that "the said claimant" and the administrator are made parties to the appeal.

With these contentions and argument of plaintiff we disagree. The assignment of error of plaintiff is not well

taken. Therefore, we affirm for the following reasons. Where the claimant in a workmen's compensation claim is named in the caption of a Notice of Appeal filed in a Court of Common Pleas under R. C. 4123.519, but is not described or designated as the claimant, and the employer is named and designated as the employer, and in the body of the Notice reference is specifically made to "the said claimant" without naming him in the body of the notice, there is compliance with R. C. 4123.519, which requires, inter alia, that the Notice of Appeal "shall state the names of the claimant and employer * * *."

It is clear that Katherine I. Wires is the claimant and was named as such in the Notice of Appeal. Plaintiff, to support her contentions, relied upon the cases of *Starr* v. *Young*, 172 Ohio St. 317; *Parker* v. *Young*, 172 Ohio St. 464; *Gilliam* v. *General Motors*, 115 Ohio App. 551; *Hovanec* v. *Scanlon*, 78 Ohio Law Abs. 376, and *Davidson* v. *Keller*, 9 Ohio App. 2d 340. There are enough factual differences between these cited cases and the present case upon review so that the cited cases are neither applicable nor controlling.

In *Starr* v. *Young, supra,* the claimant's Notice of Appeal named the Peerless Coal Co. in the caption, but did not designate it as "employer," and also the claim number was not listed anywhere in the Notice of Appeal. The opinion in *Starr* indicates that Peerless Coal Co. was not designated as employer in the caption or body of the Notice of Appeal, and this is unlike the present case where, considering the caption and body of the Notice of Appeal together, Katherine Wires is named as claimant.

*Parker* v. *Young, supra*, concerned a claimant's notice of appeal which designated the decision of the industrial commission which refused an appeal from the regional board of review to the industrial commission instead of designating the earlier decision of the regional board of review which had affirmed the administrator's order disallowing the claim. The proper and earlier order appealable to the Court of Common Pleas was not the decision of the industrial commission refusing the appeal, but the order of the regional board of review affirming the admin-

istator. Therefore, such Notice of Appeal was legally insufficient. The same legal issue was decided in the same way in *Gilliam* v. *General Motors, supra.*

In *Hovanec* v. *Scanlon, supra,* a split decision, the plaintiff-claimant's Notice of Appeal filed in the Court of Common Pleas was challenged because the Notice of Appeal did not name the plaintiff's employer. The caption named only the administrator, and in the body of the Notice it was reported that Hovanec's appeal was from the industrial commission denying an appeal from the regional board of review's denial of his application for compensation as a result of an injury "while in the employment of the Youngstown Sanitary Milk Company." In *Hovanec,* the Court of Appeals majority concluded the Notice of Appeal was insufficient and that the Court of Common Pleas was correct in striking the Notice of Appeal from the file. The *Hovanec* decision upon the facts there presented is hypertechnical, is an indulgence in knitpicking, and is an obvious disregard of R. C. 4123.95, effective November 2, 1959, requiring a liberal construction of R. C. Chapter 4123 in favor of employees. *Druley* v. *Keller, Admr.,* 14 Ohio Misc. 81. However, the foregoing cited cases of *Starr, Parker, Gilliam* and *Hovanec* were decided before November 2, 1959, the effective date of R. C. 4123.95. The enactment of this statute most probably resulted, in part, from the prior judicial use of procedural niceties to cause unjust results in these cited cases.

In *Davidson* v. *Keller, supra,* a Notice of Appeal to the Court of Common Pleas which was filed with the bureau of workmen's compensation did not meet the requirements of R. C. 4123.519, which required its filing with the industrial commission within a specified time. It might be wryly observed that it is a coincidence that in each of the foregoing cited cases of *Starr, Parker, Gilliam, Hovanec* and *Davidson,* each Notice of Appeal in the Court of Common Pleas deemed insufficient was filed by the claimants and the decisions upon final review all were in favor of the employers.

A well reasoned, applicable decision is *Singer Sewing Machine Co.* v. *Puckett,* 176 Ohio St. 32. The Notice of Ap-

peal in the Court of Common Pleas had the names of the employer and claimant in the caption, but no designations of employer or claimant appeared. However, in the body of the Notice of Appeal the claimant and employer were both named and each was clearly designated as claimant or employer. The Notice of Appeal incorrectly used the date the decision was mailed as the date the decision was rendered. The Ohio Supreme Court decided such a Notice of Appeal sufficiently complied with R. C. 4123.519. The more liberal construction of R. C. 4123.519, as applied in the *Singer Sewing Machine* case, should be followed. The judgment of the Court of Common Pleas of Lucas County is affirmed.

*Judgment affirmed.*

POTTER, P. J., and WILEY, J., concur.