DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, Thomas M. Zaino, Tax Commissioner of Ohio, has filed a motion to dismiss the appeal of Jerry Suchy taken from a March 14, 2003 decision of the Ohio Board of Tax Appeals. Zaino states that Suchy's failure to file his notice of appeal with the Board of Tax Appeals within the 30 day time period of R.C. 5717.04 is fatal to his appeal. Suchy has filed a memorandum in opposition to the motion, urging the court to deny the motion to dismiss. Zaino has filed a reply in support of his motion to dismiss. For the reasons that follow, we find that the motion to dismiss is well-taken.
 {¶ 2} R.C. 5717.04, which governs appeals from decisions of the Board of Tax Appeals, states:
 {¶ 3} "The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides. ***
 {¶ 4} " ***.
 {¶ 5} "Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of anotice of appeal with the court to which the appeal is taken and theboard. ***." (Emphasis added.)
 {¶ 6} In the present appeal, the decision of the Board of Tax Appeals was entered on March 14, 2003. Suchy timely filed his notice of appeal in this court on April 14, 2003, 30 days after the date of entry of the board's decision. Suchy sent his notice of appeal to the board in Columbus from Toledo by regular U.S. mail on Friday, April 11, 2003. The record shows that Suchy's notice of appeal was file-stamped by the board on Tuesday, April 15, 2003, four days after it was mailed and 31 days after the board's decision was entered.
 {¶ 7} The requirement that the notice of appeal must be filed with the board within 30 days is jurisdictional. Oliver v. Evatt (1944),144 Ohio St. 231 and Ahrns v. Bd. of Tax Appeal (1970), 22 Ohio App.2d 179. Suchy acknowledges that the notice of appeal was file-stamped by the board on April 15, 2003. However, he argues that "precedent exists for treating a timely mailed copy of a Notice of Appeal to the agency as statutory compliance." In support of this statement, Suchy citesDudukovich v. Loraine Metro. Hous. Auth. (1979), 58 Ohio St.2d 202 andGingo v. Ohio State Med. Bd. (1989), 56 Ohio App.3d 111, jurisdictional motion overruled, 44 Ohio St.3d 715.
 {¶ 8} Dudukovich is an appeal from a May 23 decision of the Loraine Metropolitan Housing Authority. R.C. 2505.07 requires that such an appeal must be filed with both the court to which the appeal is taken and with the agency from which the appeal is taken within ten days of the entry of the agency's final decision. Dudukovich filed his notice of appeal with the common pleas court on May 31, within the ten day statutory time limit. He also sent a copy of the notice of appeal to the housing authority by certified mail on May 28. There was no evidence to indicate when the notice was received by the housing authority; however, there was evidence in the record that the board "did eventually receive the mailed copy of the notice" of appeal. Under these circumstances where the date of receipt of the notice is unknown, the Supreme Court of Ohio held that there was a presumption of timely delivery because the notice was mailed in time to reach the board within the ten day time limit. The court noted that the presumption of timely delivery was not rebutted by evidence of late delivery.
 {¶ 9} Zaino argues that the Dudukovich holding is not applicable to the facts of this case because here there is evidence in the record that the notice of appeal was received by the board on April 15, 2003, one day after the 30 day time limit. We agree that Dudukovich does not apply to this case. In Dudukovich the notice of appeal was obviously received by the housing authority sometime, but no one knew when. This fact coupled with the fact that the notice was mailed in time to reach the housing authority before the statutory time limit expired leads to the only fair conclusion that the notice was timely received for filing. In the instant case, there is clear evidence that the notice of appeal was filed by the Board of Tax Appeals on April 15, 2003, one day after the time limit expired. There is further evidence in the form of an affidavit of Julia M. Snow, Executive Director of the Ohio Board of Tax Appeals, that Suchy's notice of appeal was "received and filed with the Board on April 15, 2003." These facts remove this case from the purview of Dudukovich.
 {¶ 10} Suchy also relies on Gingo v. Ohio State Med. Bd. (1989),56 Ohio App.3d 111 to support his position. In Gingo, the plaintiff mailed a copy of the notice of appeal to the board on Friday, August 29. The last day for timely filing with the board was Tuesday, September 2. The board stamped the notice of appeal as received on September 3. Gingo argued that the notice of appeal was actually timely received on September 2 but not stamped until the next day. He filed a series of affidavits which showed that "if the mail procedures followed their usual and customary course, the notice of appeal should have been available for the board to retrieve from its mailbox on September 2 ***." Gingo at 115. Gingo attributed the September 3 date on the notice of appeal to "the board's habit of neglecting to retrieve its mail from the mailroom on the day it is delivered." Gingo at 116. The court concludes that:
 {¶ 11} "[A]ll the evidence leads to the conclusion that the notice was mailed in sufficient time so as to cause it to arrive at the board's mailroom on September 2, although it may not have been picked up until September 3. Based on the ordinary mailing procedure of the post office and the facts of this case, a presumption arises that Dr. Gringo's notice of appeal was timely filed.
 {¶ 12} "The board claims that, notwithstanding the Dudukovich
rationale, its evidence rebutted the presumption of timely filing because its time stamp indicates that notice was filed late. The fact that theboard neglects to pick up its mail, added to the fact that the board relies on its own time stamp to evince the date when it receives the notice, denudes the board's claim of any validity. The trial court concluded and, we agree, that the board's stamp on the notice is insufficient to overcome the presumption that the notice of appeal was timely delivered to the board." (Emphasis added.)
 {¶ 13} It is not clear from the appellate court's opinion inGingo whether the allegation of the board's untimely retrieval of its mail was a bare assertion by appellant or was supported by a sworn statement of that fact. Regardless, the Gingo court relied on that fact in its analysis of the timeliness issue.
 {¶ 14} In the case now before the court, we have Suchy's attorney's affidavit that he mailed the notice of appeal to the board on Friday, April 11, 2003 and that in his experience "mail deposited at the Post Office in Toledo, Ohio would arrive anywhere in the State of Ohio on the next business day [Monday, April 14, 2003]." It is undisputed that if the notice of appeal arrived at the board on Monday, April 14, it was timely. However, as previously noted, the board stamped the notice as received on April 15, 2003, one day after the statutory time limit. There is no allegation that the board customarily failed to pick up its mail on the day it is delivered, as in the Gingo decision. In fact, the board's attorney has filed an affidavit signed by the Chief Attorney Examiner of the Ohio Board of Tax Appeals that states, "the uniform practice and objective of the BTA when receiving notices of appeal *** which are sent by U.S. regular mail is to file-stamp and date-stamp such notices of appeal on the actual date of the BTA's receipt of such notices of appeal."
 {¶ 15} We find that the presumption of timely delivery of the notice of appeal in this case is overcome by the board's date stamp of April 15, 2003 on the notice of appeal. We further note that it is likely that there was an unusually large volume of mail over the weekend of April 11 to April 14, 2003, the weekend prior to the federal income tax due date of April 15, 2003. Thus, it is likely that the mail was not following its usual and customary course. We find that the notice of appeal was not timely filed with the board and we lack jurisdiction over this appeal. Accordingly, the motion to dismiss is granted and this appeal is ordered dismissed at appellant's costs.
 APPEAL DISMISSED.