A. SCHULMAN, INC., APPELLANT AND CROSS-APPELLEE, *v*. WILKINS, TAX COMMR., APPELLEE AND CROSS-APPELLANT.

[Cite as *A. Schulman, Inc. v. Wilkins,*
112 Ohio St.3d 1208, 2006-Ohio-6677.]

(No. 2006–1944—Submitted December 5, 2006—Decided December 19, 2006.)

{¶ 1} In this appeal and cross-appeal from a Board of Tax Appeals ("BTA") decision, appellee and cross-appellant Tax Commissioner has filed a motion to dismiss appellant A. Schulman, Inc.'s appeal. That motion rests on appellant's failure to file the notice of appeal with the BTA itself within the 30–day period for perfecting an appeal. Appellant's notice of appeal was timely filed with this court, but a copy of that notice was not filed with the BTA itself until 41 days after the BTA issued its decision.

{¶ 2} The relevant statutory provision states that an appeal from a BTA decision "shall be taken within thirty days" after the BTA journalizes its decision, and any such appeal is perfected "by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board." R.C. 5717.04. As this court has said, that provision "requires that a copy of the notice of appeal filed with this court also be filed with the BTA." *Mid–States Terminal, Inc. v. Lucas Cty. Bd. of Revision* (1996), 76 Ohio St.3d 79, 82, 666 N.E.2d 1077. And "the appellant has thirty days to accomplish both filings; if he fails to do either, a mandatory jurisdictional requirement is omitted." *Ahrns v. Bd. of Tax Appeals* (1970), 22 Ohio App.2d 179, 181, 51 O.O.2d 350, 259 N.E.2d 518.

{¶ 3} This court's Rules of Practice reflect the statute and the cases that have applied it: "A notice of appeal from the Board of Tax Appeals shall be filed with the Supreme Court *and the Board within 30 days* from the date of the entry of the decision of the Board." (Emphasis added.) S.Ct.Prac.R. II(3)(A)(1).

{¶ 4} Although appellant filed its notice of appeal with this court 27 days after the BTA issued its decision, appellant waited until 41 days after the BTA's decision to file the notice of appeal with the BTA itself. That latter filing fell well outside the 30–day requirement, and despite appellant's request that the statute be given a liberal construction, longstanding precedents from this and other Ohio courts indicate that the untimely filing deprives the court of jurisdiction to hear

appellant's appeal. See *Kenney v. Evatt* (1945), 144 Ohio St. 369, 29 O.O. 541, 59 N.E.2d 47 (dismissing an appeal because although a notice of appeal was timely filed with the court, that notice was not filed with the BTA within 30 days after the BTA issued its decision); *Ahrns,* 22 Ohio App.2d at 181, 51 O.O.2d 350, 259 N.E.2d 518 ("The notice [of appeal] must be filed within the 30–day period and in two places: the court to which appeal is taken and with the board [of tax appeals]"); id. ("the filing of notice with the board * * * within the time specified is * * * mandatory").

{¶ 5} We therefore grant the Tax Commissioner's motion to dismiss the appeal. The Tax Commissioner's timely cross-appeal remains pending, however, and the Tax Commissioner shall proceed as the appellant in this case and shall file a merit brief pursuant to S.Ct.Prac.R. VI(2) within 40 days of the date of this entry. A. Schulman, Inc. shall proceed as the appellee, and the parties shall otherwise proceed to brief this case in accordance with S.Ct.Prac.R. VI.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 6} I continue to believe that a dual filing requirement such as that contained in R.C. 5717.04 should not be part of our rules. See *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, ¶ 4–5 (Pfeifer, J., dissenting). I believe this case should be heard on the merits. I dissent and would deny the motion to dismiss the appeal.

---

Leonard A. Carlson, for appellant and cross-appellee.

Jim Petro, Attorney General, and Barton A. Hubbard and Janyce C. Katz, Assistant Attorneys General, for appellee and cross-appellant.