Pfeifer, J.,
concurring.
{¶ 3} I concur in the decision to dismiss the appeal but write separately to emphasize that dual filing requirements should be abolished. A. Schulman, Inc. v. Wilkins, 112 Ohio St.3d 1208, 2006-Ohio-6677, 859 N.E.2d 553, ¶ 6 (Pfeifer, J., dissenting). They serve no useful purpose. Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178 (Pfeifer, J., dissenting). Dual filing requirements are a trap for attorneys operating outside their normal area of practice. Prosecuting attorneys are not normally expert in the procedures associated with public-utility law. In this case, that lack of experience led to the prosecuting attorney’s failing to deliver a notice of appeal to the Public Utility Commission of Ohio’s docketing division and, ultimately, to a dismissal other than on the merits. In other circumstances, I *1236 might have cast a dissenting vote, but in this case, the prosecuting attorney had an opportunity to cure the filing defect but did not avail himself of it.
Brent W. Yager, Marion County Prosecuting Attorney, for appellant, Claridon Township Board of Trustees.
Richard Cordray, Attorney General, and Duane W. Luckey and William L. Wright, Assistant Attorneys General, for appellee, Public Utilities Commission of Ohio.
Porter, Wright, Morris & Arthur, L.L.P., R. Leland Evans, and Megan E. Bailey, for intervening appellee, CSX Transportation, Inc.