[Cite as *Genesis Real Estate Holding Group v. Cuyahoga Cty. Bd. of Revision*, 2014-Ohio-1724.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100054

---

## GENESIS REAL ESTATE HOLDING GROUP

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
DISMISSED

---

Administrative Appeal from the
Ohio Board of Tax Appeals
Case Nos. 2011-Q-1552, 2011-Q-1553, 2011-Q-1554,
2011-Q-1557, 2011-Q-1558, 2011-Q-1559, 2011-Q-185,
2011-Q-357, 2011-Q-358

**BEFORE:** Celebrezze, P.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**ATTORNEY FOR APPELLANT**

David M. Lynch
Attorney at Law
333 Babbitt Road
Suite 333
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mark R. Greenfield
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Genesis Real Estate Holding Group ("Genesis"), appeals the decision of the Board of Tax Appeals of the State of Ohio (the "Board") in several cases regarding the assessed value of real property located in Cuyahoga County, Ohio. Unfortunately, Genesis did not properly invoke the jurisdiction of this court, so the appeal must be dismissed.

## I. Brief Factual and Procedural History

{¶2} Genesis filed several tax valuation complaints that were heard before the Cuyahoga County Board of Revision (the "BOR"). In seven cases, Genesis' evidence of value was based on appraisals done at its behest. The BOR would not accept evidence of the appraisals because the appraiser was not present to testify and the document generated by him was not presented within the time period required. The BOR issued decisions lowering the values of only two of nine properties.

{¶3} Genesis filed appeals with the Board, which were consolidated for hearing. A hearing was conducted where Genesis relied on appraisal reports to support its opinion of value for most of the properties. On May 30, 2013, the Board issued its Decision and Order, which lowered the value of one property that was the subject of a recent arm's-length transaction; remanded one case to be dismissed because it was jurisdictionally defective; reversed the BOR's decision to reduce the value of one property based on a lack of competent, probative evidence; and affirmed the assessed

values of the remaining properties. The Board found that Genesis did not carry its burden to support its opinion of value with competent, probative evidence.

**{¶4}** Genesis filed a notice of appeal with this court on June 27, 2013. A second notice of appeal was filed with the Board on July 2, 2013. Genesis assigned the following two errors for review:

> I. The Board of Tax Appeals committed error in not relying on the documents created by the appraiser, even if he did not appear at the original Board of Revision Hearing.

> II. The Board of Tax Appeals committed error in rejecting Board of Revision value opinions for similar properties.

## II. Law and Analysis

**{¶5}** "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. v. Warren*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14. R.C. 5717.04 sets forth the jurisdictional requirements to perfect an appeal from a decision of the Board. In part, it provides:

> The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situated or in which the taxpayer resides.

> * * *

> Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board.

> * * *

In all such appeals the commissioner or all persons to whom the decision of the board appealed from is required by such section to be sent, other than the appellant, shall be made appellees. Unless waived, notice of the appeal shall be served upon all appellees by certified mail.

{¶6} These requirements are jurisdictional in nature, and a failure to fulfill any one will require this court to dismiss the appeal. *A.K.J., Inc. v. Wilkins*, 8th Dist. Cuyahoga No. 94594, 2011 Ohio App. LEXIS 74, *5 (Jan. 13, 2011).

{¶7} In *A. Schulman, Inc. v. Wilkins*, 112 Ohio St.3d 1208, 2006-Ohio-6677, 859 N.E.2d 553, the Ohio Supreme Court strictly construed the timing requirements of the governing rule for instituting an appeal from a decision of the Board. It noted, "'[a] notice of appeal from the Board of Tax Appeals shall be filed with the Supreme Court and the Board within 30 days from the date of the entry of the decision of the Board.' S.Ct.Prac.R. II(3)(A)(1))." *Id*. at ¶ 3. This case affirmed a long line of cases that required appellants to comply with the 30-day timing requirement for perfecting an appeal by filing dual notices with the reviewing court and the Board. *Id*. at ¶ 4, citing *Kenney v. Evatt*, 144 Ohio St. 369, 59 N.E.2d 47 (1945); *Ahrns v. Bd. of Tax Appeals*, 22 Ohio App.2d 179, 181, 259 N.E.2d 518 (3d Dist.1970). The Ohio Supreme Court explained that the appellant timely filed its notice of appeal with the court, but the notice to the Board was not filed until 41 days after the appealed decision was issued. The court dismissed the appeal for lack of jurisdiction. *Id*. at ¶ 5.

{¶8} In the present case, the Board issued its decision on May 30, 2013. Genesis' notice of appeal was timely received by this court on June 27, 2013. However, the notice

of appeal to the Board was not sent until July 1, 2013,[1] and was not received until July 2, 2013.

{¶9} Genesis relies on *Berea City Sch. Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, for the proposition that its notice of appeal was timely filed with the Board because it was mailed on July 1, 2013. In *Berea*, the Ohio Supreme Court dismissed an appeal because the appellant failed to initiate certified mail service on the appropriate tax commissioner within the 30-day period required under R.C. 5717.04. The holding in the case indicates that service is "'initiated' when the notice of appeal is placed in the mail." *Id*. at ¶ 2. However, the case does not address the filing of a notice of appeal. Filing is distinct from service. *Welsh Dev*., 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 36. "In the general sense, filing is actual delivery." *Id*.

{¶10} The Ohio Supreme Court has indicated that "the act of depositing the notice in the mail, in itself, does not constitute a 'filing,' at least where the notice is not received until after the expiration of the prescribed time limit." *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 204, 389 N.E.2d 1113 (1979) (dealing with R.C. 2505.07(B) and the filing of a notice of appeal from a housing authority's decision terminating an employee). *See also Welsh Dev*. at ¶ 39 ("Filing does not occur until there is actual receipt by the agency within the time prescribed * * *").

---

[1] June 30, 2013, fell on a Sunday, giving Genesis until Monday, July 1, 2013, to file its notice of appeal with the Board.

{¶11} Here, the Board presented evidence, and Genesis does not dispute, that receipt of the notice of appeal did not occur until July 2, 2013. This is the date of filing for purposes of R.C. 5717.04. Unfortunately, this is outside of the 30-day period provided for in the statute. Accordingly, appellant failed to properly invoke the jurisdiction of this court, and the appeal must be dismissed. This holding renders moot the Board's argument that the appeal should also be dismissed because appellant failed to name and timely serve the tax commissioner.

{¶12} This court previously granted the Board's motion to dismiss, but sua sponte vacated that decision based on our interpretation of the Board's Decision and Order and its failure to file stamp its decision as it does with other documents it journalizes. We remanded the case for proper journalization of the decision. The Board responded by indicating the order was properly journalized. The order indicates it was "entered" May 30, 2013. The signature line of the Decision and Order, signed by the Board's secretary, includes an attestation stating, "I hereby certify the foregoing to be a true and complete copy of the action taken by the Board of the State of Ohio and entered upon its journal this day, with respect to the captioned matter." The only date "this day" may refer to is the "entered" date that begins the Decision and Order. This is sufficient for its statutory requirements, but is not the most clear method to inform potential appellants of the time within which they must exercise their appellate rights.

### III.  Conclusion

**{¶13}** Genesis did not timely perfect its appeal by filing a notice of appeal with this court and the Board within 30 days of the journalization of the Board's decision. Therefore, this appeal must be dismissed for lack of jurisdiction.

**{¶14}** Accordingly, the appeal is dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR