ORDWAY, A MINOR, ET AL., APPELLANTS, *v.* MOTOR EXPRESS, INC., ET AL., APPELLEES.

(No. 40763—Decided June 28, 1967.)

Mr. *Harry R. Illman*, for appellants.

Messrs. *Moan & Andrews* and Mr. *Harold C. Moan*, for appellees.

*Per Curiam.* There is one question in this case. Where a bill of exceptions has been properly filed in the Court of Common Pleas and the appellants, within the time for filing such bill in the Court of Appeals, filed their brief and assignment of errors but by mistake or inadvertance failed to request the clerk to also file the bill of exceptions in the Court of Appeals, does such failure constitute grounds for the dismissal of the appeal for lack of a bill of exceptions?

Rule VII A. (1) (b) of the Court of Appeals relating to the filing of a bill of exceptions reads in pertinent part as follows:

"* * * Within ten (10) days after the filing thereof with the clerk of the trial court, the appellant shall file such bill of exceptions with the clerk of the Court of Appeals."

It must be noted at the outset that under the provisions of Section 2303.03, Revised Code, the Clerk of the Court of Com-

mon Pleas is also the clerk of the Court of Appeals for that county. Thus, in actuality, we are dealing with a single office and its duty in relation to a document already properly filed therein and particularly the mechanical process of the placing an additional stamp thereon to indicate that it was filed in the Court of Appeals.

In the instant case, a duly authenticated bill of exceptions was properly filed in the Court of Common Pleas. Well within the 10-day rule for the filing of the bill of exceptions the appellants duly filed their brief and assignment of errors in the Court of Appeals. However, due to mistake or inadvertance appellants failed to request the clerk to file the bill of exceptions in the Court of Appeals.

The bill of exceptions actually was in the possession of the clerk, having already been filed in the Court of Common Pleas. The appellants by filing their brief and assignment of errors clearly indicated their intention to pursue the appeal. Thus, even in the absence of a specific request that such bill be filed in the Court of Appeals, the clerk was put on notice that the appeal was being prosecuted. The filing of the bill of exceptions in the Court of Appeals is purely a mechanical process of affixing the Court of Appeals stamp which would have followed as a matter of course from the filing of the brief.

It would be hypertechnical to deprive an appellant of an appeal otherwise properly filed, on the basis that he failed to file a bill of exceptions with a clerk who already had such bill in his possession.

We are of the opinion that the briefs having been properly filed with the clerk, his failure as clerk of the Court of Appeals to stamp the bill of exceptions already in his possession as Clerk of the Court of Common Pleas does not deprive appellants of their right to appeal.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, WHITE and BROWN, JJ., concur.

WHITE, J., of the Eighth Appellate District, sitting for SCHNEIDER, J.