JENNEMAN, APPELLEE, *v.* OHIO STATE BOARD OF CHIROPRACTIC EXAMINERS, APPELLANT.

(No. C-840394—Decided April 10, 1985.)

*Ronald A. Meyer,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Phillip L. Hack,* for appellant.

BLACK, P.J. The Ohio State Board of Chiropractic Examiners (the "board"), appeals from an order of the court of common pleas in favor of Shirley Jenneman entered when the court struck from the record the transcript of proceedings before the board. The board asserts two assignments of error: (1) that the court erred in granting relief other than that authorized by the governing statute, R.C. 119.12, and (2) that it was error for the court to enter judgment in favor of Jenneman without requiring a showing of prejudice to her. The first assignment of error has merit.

The underlying facts of the instant case, while not relevant to the board's appeal, are useful in explaining the procedural posture of this case. On April 4, 1983, Steven Stevens, a self-employed distributor of vitamins, herbal cleaners and cosmetics, took his eleven-year-old daughter Stephanie to the office where Jenneman carried on her profession as a licensed chiropractor. Stevens told Jenneman that his daughter had had the flu for several days, was constipated, and that her bowels had not moved even though he had given her a herbal laxative. Jenneman examined the child, made a tentative diagnosis of acute appendicitis and recommended at least twice that Stevens take his daughter to a doctor and get a white blood cell count to determine with certainty whether or not her appendix was involved. Stevens, a believer in faith healing, did not want to go to a doctor, and demanded that Jenneman call in an unlicensed masseuse, Mrs. Brown, who gave colonic therapy and rented office space from Jenneman. Brown responded to Jenneman's call and performed colonic irrigation (an enema) on the child, apparently relieving her constipation. The father and child left. The next day, Stephanie Stevens died from complications secondary to the rupture of her appendix. She had been suffering from a chronic condition of appendicitis for almost a week.

On May 9, 1983, the board sent Jenneman a letter citing alleged violations of various sections of the Ohio Revised Code and Ohio Administrative Code.[1] At

---

[1] The board alleged that Jenneman had violated: (1) R.C. 4734.09 by treating an infectious disease; (2) R.C. 4734.10(E) by violating the board's rules governing the practice of chiropractic, specifically Board Rule 4734-1-16(F)(4) by her knowing assistance of Brown, who was unlicensed to practice chiropractic, and Board Rule 4734-1-16(G) by failing to take an adequate case history and render the essential and ap-

her request, a hearing was held on August 25, 1983, pursuant to R.C. Chapter 119 and R.C. Chapter 4754, and the board eventually issued its adjudication order, suspending Jenneman's chiropractic license for two years, with twenty months suspended contingent on her completion of four educational seminars and her being on probation for two years. On November 23, 1983, she timely appealed to the court of common pleas under R.C. 119.12. On February 23, 1984, Jenneman moved for a judgment on the pleadings, because no record of proceedings had been filed in the common pleas court. The board finally certified the record to the court on March 5, 1983, more than sixty days after the required thirty-day time period within which an administrative agency must prepare and certify a complete record of proceedings.[2] Jenneman withdrew her motion for a judgment on the pleadings and moved instead to strike the transcript from the record. The court granted Jenneman's motion to strike, and then, finding that the board's decision was "not supported by reliable, probative and substantial evidence," the court rendered judgment in her favor. The board appeals from that order.

The board's first assignment of error alleges that the court of common pleas erred in granting relief other than that which "appears" in R.C. 119.12. The statute specifically provides that "[f]ailure of the agency to comply [by certifying a complete record] within the time allowed shall, *upon motion*, cause the court to enter a *finding in favor of the party adversely affected* [emphasis added]." The issues thus presented are (1) whether Jenneman's motion to strike the transcript from the record is a form of "motion" contemplated by R.C. 119.12 and (2) whether the court's final judgment in this case constitutes a "finding in favor of the party adversely affected." We hold that neither the motion nor the order granting judgment is authorized by R.C. 119.12.

The Supreme Court has not ruled directly on either point. As we read *Matash* v. *Dept. of Ins.* (1964), 177 Ohio St. 55 [29 O.O.2d 153], and *Lorms* v. *State* (1976), 48 Ohio St. 2d 153 [2 O.O.3d 336], we derive two rules: (1) if the administrative agency fails to file any record whatsoever within the thirty-day period, the common pleas court must, on motion, enter a finding in favor of the party adversely affected; (2) if, on the other hand, the administrative record is timely filed but not complete because parts of it are missing, then the appellant must show that he or she was prejudiced by the omission. This case falls under the first rule. A showing of prejudice was not necessary. The second assignment of error (in which the board contends Jenneman had to show how she was prejudiced by the late filing) is without merit.

The court's "finding," however, must comply with the statute. The "finding" is granted to the "party adversely affected" because the agency failed to meet the statutory provision that the administrative record shall be filed within the thirty-day period. The reasons for this "finding" are procedural; it is *not* a

propriate diagnosis and treatment to her patient Stephanie Stevens; and (3) R.C. 4734.10(F) by failing to perform an adequate pretreatment exam and laboratory test, specifically a white blood cell count, to aid in the diagnosis of her patient's condition.

[2] R.C. 119.12 provides in pertinent part: "Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected."

finding of facts on the merits. When the Supreme Court said in *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 365 [21 O.O.3d 228], that the appellant is "to be put in the same position *as if* the court had ruled on the merits [emphasis added]," we believe the Supreme Court meant that the "finding" was not a disposition of the merits of the appeal, but that the appellant was to be treated as though it were. Since the administrative agency's decision in the instant case was vacated for procedural reasons, it was not reviewed and ruled on for its substantive validity. In *Sayler* v. *Ohio State Racing Comm.* (1982), 7 Ohio App. 3d 189, we held that the agency was not precluded from considering the charges against the appellant-licensee a second time under the doctrine of *res judicata. Bier* v. *Ohio State Racing Comm.* (Oct. 4, 1978), Summit App. No. 8946, unreported. We followed the definition of "merits" found in *Cero Realty Corp.* v. *American Manufacturers Mutual Ins. Co.* (1960), 171 Ohio St. 82 [12 O.O.2d 92], paragraph two of the syllabus, which reads:

"Where the word, 'merits,' is used in speaking of the determination of an action upon the merits, it embraces the consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof."

We hold that the "motion" contemplated by R.C. 119.12 is a motion for judgment in appellant's favor under the statute, not a motion to strike, and that the "finding" is an order in favor of the appellant on procedural grounds, not a judgment for an appellant based on a finding that the administrative order is not supported by reliable, probative and substantial evidence. The first assignment of error has merit.

We reverse the judgment below and remand this case with instructions to the court of common pleas to enter a finding in favor of Jenneman for failure of the board to comply with the filing mandate of R.C. 119.12.

*Judgment reversed and case remanded.*

DOAN and KLUSMEIER, JJ., concur.