CAPPARELL, Appellee,

v.

LOVE et al., Appellant;

Ohio Department of Commerce, Division of Real Estate, Appellant.

[Cite as *Capparell v. Love* (1994), 99 Ohio App.3d 624.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE05–639.

Decided Dec. 30, 1994.

*Michael E. Grove,* for appellee Shirley E. Capparell, c/o Capparell Real Estate.

*James M. Brutz,* for appellants Kathleen Love and Robert Love, c/o Jeffers Realty Co.

*Lee Fisher,* Attorney General, and *Christopher S. Cook,* Assistant Attorney General, for appellant Department of Commerce, Division of Real Estate.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Kathleen Love, Robert Love, and the Ohio Division of Real Estate, appellants, from the April 11, 1994 judgment entry of the Franklin County Court of Common Pleas, vacating the finding and order of the Ohio Division of Real Estate.

The history of this case is as follows: On February 22, 1993, the Ohio Division of Real Estate ("appellant") received a letter of complaint from appellee, Shirley E. Capparell, regarding the conduct of Kathleen and Robert Love. The letter of complaint alleged that the Loves had violated real estate license laws. Thereafter, appellant assigned the complaint and the case to an investigator of the Division of Real Estate in order to determine whether or not there was reasonable and substantial evidence to find the Loves in violation of R.C. 4735.18.

The investigator concluded that reasonable and substantial evidence did not exist and the superintendent concurred with this conclusion. Thereafter, on October 21, 1993, the Division of Real Estate sent appellee a letter, informing appellee that the investigation was completed and the file was "closed."

Appellee was then notified that she could request a review of the case by the entire Real Estate Commission, pursuant to R.C. 4735.051(D). Appellee did so, and on December 8, 1993, the Ohio Real Estate Commission listened to testimony from appellee and Robert and Kathleen Love. The commission voted that no further action be taken, and a finding and order to this effect were issued on December 15, 1993.

On January 3, 1994, a notice of appeal from the commission's order was received by the Division of Real Estate. On January 5, 1994, this notice of appeal was filed in the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On February 2, 1994, the Division of Real Estate certified the record of proceedings to the common pleas court. The Division of Real Estate also filed a motion to dismiss, arguing that appellee was not a proper party to bring an R.C.

119.12 appeal, and that, in any event, the appeal was not timely. The trial court never ruled on this motion.

Appellee then filed a motion to vacate the commission's order, arguing that the Division of Real Estate had failed to timely certify a complete record to the court of common pleas. The trial court granted this motion to vacate and appellant appeals from that judgment.

On appeal, appellant asserts the following assignments of error:

"Assignment of Error No. 1

"The trial court erred and abused its discretion in finding that the Department of Commerce, Division of Real Estate did not timely certify the record to the trial court pursuant to Ohio Revised Code Section 119.12.

"Assignment of Error No. 2

"The trial court erred and abused its discretion when it failed to dismiss this case due to appellee's lack of standing to bring said appeal pursuant to Ohio Revised Code 119.12.

"Assignment of Error No. 3

"The trial court erred and abused its discretion when it failed to dismiss this case due to appellee's lack of timely filing in the court below and by failing to rule that it lacked jurisdiction to hear the case on its merits."

We will address appellant's third assignment of error, as it is dispositive of this case. Appellant argues that appellee failed to file her notices of appeal with the Division of Real Estate and the court of common pleas within fifteen days of the Ohio Real Estate Commission's order. Therefore, appellant argues that appellee's appeal was untimely and that, as a result, the court of common pleas did not have jurisdiction to hear the R.C. 119.12 appeal. R.C. 119.12 provides, in pertinent part:

"Any party desiring to appeal *shall* file a notice of appeal *with the agency setting forth the order appealed from* and the grounds of his appeal. A copy of such notice of appeal *shall also be filed* by the appellant with the court. Unless otherwise provided by law * * * *such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order* as provided in this section. * * *"[1] (Emphasis added.)

---

1. Although appellee's status as a proper "party" is questionable for purposes of addressing this assignment of error, this court will assume that appellee has standing to bring an R.C. 119.12 appeal. See *Barron v. State* (Dec. 2, 1980), Franklin App. No. 80AP–470, unreported, for a discussion of this issue.

It is undisputed that the order of the commission was mailed by certified mail, on December 15, 1993. Thus, the fifteen-day deadline articulated in R.C. 119.12 expired on December 30, 1993. As previously stated, the notice of appeal sent to the Division of Real Estate was presumably filed on January 3, 1994, as reflected by the time stamp. Two days later, on January 5, 1994, this notice of appeal was filed with the court of common pleas. Thus, both the notice of appeal filed with the Division of Real Estate and the notice of appeal filed with the court of common pleas were untimely.

Appellee argues that her notices of appeal were mailed on December 27, 1993, and were, therefore, timely for purposes of R.C. 119.12. See *Gingo v. Ohio State Med. Bd.* (1989), 56 Ohio App.3d 111, 564 N.E.2d 1096. In *Gingo,* the court found that a notice of appeal is presumptively timely delivered when it is shown to have been mailed within a sufficient time for it to have arrived at the agency before the fifteen-day limit. The court further held that the party contesting the timeliness has the burden of rebutting this presumption, and the agency could not merely introduce its own time stamp to overcome this presumption. *Id.*

The *Gingo* court relied on *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, for the proposition that a notice of appeal is presumptively timely delivered when it is shown to have been sent within a sufficient time for it to have arrived at the agency before the expiration of the applicable time limit. A closer analysis of *Dudukovich* reveals that *no* evidence of late delivery was presented by the appellant in that case. *Id.* at 205, 12 O.O.3d at 200, 389 N.E.2d at 1115. Thus, the Supreme Court held that the presumption of timely delivery controlled.

"Filing" was defined by the Ohio Supreme Court in *Dudukovich* as follows:

" * * * It is established that the act of depositing the notice in the mail, in itself, does not constitute a 'filing,' at least where the notice is not received until after the expiration of the prescribed time limit. *Fulton, Supt. of Banks, v. State, ex rel. General Motors Corp.* (1936), 130 Ohio St. 494 [5 O.O. 142, 200 N.E. 636]. Rather, '[t]he term "filed" * * * requires actual delivery * * *.' *Id.,* at paragraph one of the syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in *Columbus v. Upper Arlington* (1964), 94 Ohio Law Abs. 392, 397, [31 O.O.2d 351, 353] 201 N.E.2d 305, [308], 'any method productive of certainty of accomplishment is countenanced.' * * * " (Emphasis added.) *Id.,* 58 Ohio St.2d at 204, 12 O.O.3d at 200, 389 N.E.2d at 1115.

This court would also note that the *Dudukovich* case involved the construction of R.C. 2505.04 and 2505.07(B), and not R.C. 119.12. The fact that another court of appeals applied the *Dudukovich* case to an R.C. 119.12 appeal is not binding on this court.

Even though this court is not bound by the *Gingo* decision, we find it is distinguishable from the facts of the instant action. The *Gingo* court discussed rather extensively the evidence and affidavits that had been presented: what time the letter was mailed, from where; what time the letter would arrive in Columbus; how the Labor Day holiday affected its delivery; and the times of the two daily deliveries to the board's mail room. A series of affidavits outlined the usual and customary procedures to demonstrate that the notice of appeal should have been received before the filing deadline, if the board had picked up its mail. Based upon all the evidence presented, the court found that the board's time stamp was not sufficient to overcome the presumption that the notice of appeal was constructively received by the agency within the fifteen-day limit.

The record in the instant action contains the following: a certified mail receipt dated December 27, 1993, addressed to the Division of Real Estate, and an affidavit which states that the notice of appeal was mailed to the court of common pleas via ordinary United States mail. Absent from this record is any signed receipt from the Division of Real Estate indicating, in fact, when the division received the notice of appeal. Also absent from this record is any testimony regarding the usual and customary mail procedures to show when the notice of appeal should have arrived at the Division of Real Estate and the court of common pleas.

Appellee has offered no explanation for why the notice of appeal filed with the Division of Real Estate has a time stamp indicating that it was received on January 3, 1994. Presumably, January 3 is the date of the filing, *absent evidence to the contrary.* Thus, we find that the *Gingo* case is neither binding nor persuasive, as it is factually distinguishable from the instant action. Rather, we find the reasoning articulated in *Zier v. Ohio Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, and *Hart v. Ohio Bd. of Liquor Control* (1953), 96 Ohio App. 128, 54 O.O. 217, 121 N.E.2d 257, to be more persuasive. See, also, *In re Claim of King* (1980), 62 Ohio St.2d 87, 16 O.O.3d 73, 403 N.E.2d 200.

Although appellee has presented no evidence via affidavit or otherwise, appellee speculates that the notice of appeal that was mailed to the court of common pleas was received by an inexperienced clerk at the court, who allegedly sent the notice of appeal to this court, the court of appeals. This notice of appeal does have a time stamp of December 30, 1993 in the Court of Appeals for Franklin County, lending some credence to appellee's argument. It should also be noted that the notice of appeal was delivered to the proper clerk, Thomas J. Enright, who is the clerk of courts for the court of common pleas and the court of appeals. Additionally, appellee was mailing these notices of appeal from the Cleveland area, and was not physically in Columbus to ensure that the notice of appeal was

filed with the court of common pleas. Thus, appellee could reasonably presume that the clerk of courts would ensure that the notice of appeal was filed in the correct court. The error of a clerk, in filing the notice of appeal with the wrong court, should not be imputed to appellee. Thus, appellee's argument that the notice of appeal filed with the court of appeals on December 30, 1993, was timely is well taken.

However, even assuming, *arguendo,* that the notice of appeal to the court was timely, this court is bound to apply R.C. 119.12, which provides that the notice of appeal to the agency must also be timely.

The right to appeal in this type of action is not an inherent right; rather, it has been conferred by statute. R.C. 119.12; *Arndt v. Scott* (App.1955), 72 Ohio Law Abs. 189, 134 N.E.2d 82. As stated by the Ohio Supreme Court, "[w]e have consistently held that where a statute confers a right of appeal, as in the instant case, strict adherence to the statutory conditions is essential * * *." (Citations omitted.) *Holmes v. Union Gospel Press* (1980), 64 Ohio St.2d 187, 188, 18 O.O.3d 405, 405–406, 414 N.E.2d 415, 416. Thus, "[t]he provisions of the statutes relating to the time for filing a notice of appeal are mandatory, and if a notice of appeal is not filed within the time fixed by law, the appeal will be dismissed." *Arndt, supra,* paragraph one of the syllabus; R.C. 119.12. See, also, *McCruter v. Bd. of Review* (1980), 64 Ohio St.2d 277, 279, 18 O.O.3d 463, 464, 415 N.E.2d 259, 260; *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St.3d 112, 24 OBR 304, 493 N.E.2d 959; *Mentor Bd. of Edn. v. Lake Cty. Bd. of Revision* (1980), 61 Ohio St.2d 332, 15 O.O.3d 398, 401 N.E.2d 435; *Duffy v. Hamilton Cty. Bd. of Commrs.* (1994), 92 Ohio App.3d 717, 637 N.E.2d 71; *Bolt v. Ohio Bur. of Motor Vehicles* (1974), 41 Ohio Misc. 139, 70 O.O.2d 355, 324 N.E.2d 802.

Furthermore, appellee is required to file the notice of appeal with *both* the Division of Real Estate and the court of common pleas in a timely manner. Again, even if this court assumes that appellee's notice of appeal to the court of common pleas was timely, and that an inexperienced clerk simply sent the notice of appeal to the wrong place, appellee was still required to file a timely notice of appeal with the Division of Real Estate in order to comply with the statute. *Ahrns v. Bd. of Tax Appeals* (1970), 22 Ohio App.2d 179, 51 O.O.2d 350, 259 N.E.2d 518; *Zier, supra.* Appellee failed to do so and has offered no explanation for the fact that the notice of appeal filed with the Division of Real Estate is time-stamped "January 3, 1994." Again, the record is devoid of any receipt indicating when the Division of Real Estate received the notice of appeal sent by certified mail. The only evidence in the record pertaining to the date of filing of this notice of appeal is the time stamp of January 3, 1994.

Clearly, the notice of appeal filed with the Division of Real Estate was filed beyond the fifteen-day time limit set forth in R.C. 119.12. Appellee's argument

that R.C. 119.09 must first be complied with before the fifteen days starts to run, pursuant to R.C. 119.12, is a correct statement of the law, but does not change the result in this case. A review of the record indicates that appellant complied with R.C. 119.09 by mailing the commission's order via certified mail number P 811 630 715 and number P 811 630 714, on December 15, 1993, receipt requested, to appellee. The record also reflects that appellee signed for and received this order on December 17, 1993.

Appellee's argument regarding the filing of the transcript is also without merit. All of the cases cited by appellee presume that a proper notice of appeal has been filed. Before a court may properly consider whether or not to vacate an order of the commission, it must have jurisdiction. When a party fails to timely appeal, pursuant to the terms of R.C. 119.12, the trial court does not have jurisdiction to hear an R.C. 119.12 appeal.

Furthermore, even if this court were to agree with appellee's assertion that a complete transcript was not filed, appellee has failed to demonstrate prejudice. Absent such a showing, appellee is not automatically entitled to have the court render judgment in her favor. *Lorms v. State* (1976), 48 Ohio St.2d 153, 2 O.O.3d 336, 357 N.E.2d 1067; *Alban v. Ohio Real Estate Comm.* (1981), 2 Ohio App.3d 430, 2 OBR 524, 442 N.E.2d 771; *Jenneman v. Ohio State Bd. of Chiropractic Examiners* (1985), 21 Ohio App.3d 225, 21 OBR 241, 486 N.E.2d 1272; *Genoa Banking Co. v. Mills* (1983), 9 Ohio App.3d 237, 9 OBR 410, 459 N.E.2d 584.

For all of the above reasons, we find that appellee's notice of appeal was not timely and, for that reason, the trial court's decision which vacated the commission's order is hereby reversed. On remand, the trial court is instructed to dismiss appellee's R.C. 119.12 appeal for failure to timely file the notice of appeal. Because of our disposition of appellant's third assignment of error, the first and second assignments of error are rendered moot. See App.R. 12. Costs to appellee.

*Judgment reversed*
*and cause remanded with instructions.*

DESHLER, J., concurs.

WHITESIDE, P.J., dissents.

WHITESIDE, Presiding Judge, dissenting.

Finding the majority opinion to be inconsistent with pronouncements of the Ohio Supreme Court, I must respectfully dissent.

The Supreme Court has repeatedly held that the burden is upon an administrative agency to present evidence proving the actual time of mailing of its decision

when contending that a notice of appeal was not timely filed. See, *e.g.*, *King v. Garnes* (1973), 36 Ohio St.2d 187, 65 O.O.2d 404, 305 N.E.2d 798; *Wycuff v. Fotomat Corp.* (1974), 38 Ohio St.2d 196, 67 O.O.2d 205, 311 N.E.2d 657; and *Proctor v. Giles* (1980), 61 Ohio St.2d 211, 15 O.O.3d 227, 400 N.E.2d 393. The rule is succinctly stated in *Geroc v. Ohio Veterinary Med. Bd.* (1987), 37 Ohio App.3d 192, 195, 525 N.E.2d 501, 504, as follows:

"Because the actual mailing of the order is the event which triggers the fifteen-day appeal period, the agency issuing the order bears the burden of establishing the actual date of mailing.  * * * "

Here, the actual date of mailing is crucial to the determination since, for example, if the decision was actually mailed on December 16, 1993 (rather than December 15), the notice of appeal would be timely filed both with the agency and the common pleas court, since Friday, December 31, 1993, was a legal holiday and January 3, 1994 was a Monday, and, thus, would be the last day for filing. The majority thrusts aside this issue by the incorrect statement that it is undisputed that the order was mailed by certified mail on December 15, 1993. Appellee, in her brief herein, points out this factual issue was not considered by the trial court and, if the first assignment of error be sustained, the cause should be remanded to the trial court for that factual determination.[2]  There is evidence from which such an inference possibly could be made but, as appellee pointed out, the trial court never reached or determined that factual issue but, instead, erroneously found the agency had failed timely to file its record.  The majority invades the province of the trier of facts and makes an incorrect factual determination.  The cause should be remanded to the trial court for the factual determination of when the order was actually placed in the United States mail, rather than merely being sent to the agency mail room for agency processing. The handwritten dates on the agency-retained copy of the certified mail receipt form are not postmarks, and there is no indication of who wrote them on the form or when—that is, whether these were placed on them by the typist at the time of preparation.

The notice of appeal was filed at the latest on January 3, 1993, with both the agency and the common pleas court.  Appellant presents evidence that the notice of appeal was mailed to the Ohio Department of Commerce, Division of Real Estate, on December 27, 1993.  Although risk of nondelivery is upon the appellant, when notice is actually received, there is a presumption that delivery was in the ordinary course of mail in the absence of evidence to the contrary.

---

2. Appellee raised this unresolved issue in the trial court citing *Geroc, supra,* and stating, "[t]he Division of Real Estate, Ohio Department of Commerce does not support its motion with any evidence relating to the date of mailing" with respect to the notice of the agency order.

See *Gingo v. State Med. Bd.* (1989), 56 Ohio App.3d 111, 564 N.E.2d 1096, which holds that the agency has the burden of rebutting this presumption, which burden is not met by merely producing a time-stamped copy of the notice of appeal. Here, the agency concedes it received the notice of appeal on January 3, 1994, at the latest, but failed to "file" it until two days later on January 5, 1994. A January 3, 1994 receipt is stamped on the notice of appeal by the agency but, under the rule of *Gingo, supra,* this is insufficient to indicate that it was not, in fact, received on December 30, 1993, in the ordinary course of mail but not stamped until January 3, 1994. Again, this is a factual issue that should be remanded to the trial court to determine, but the majority proceeds to make the factual determination.

However, the evidence is conclusive that the notice of appeal was received by the clerk of the trial court on December 30, 1993. Although the notice of appeal is clearly styled "In the Court of Common Pleas, Franklin County, Ohio," the clerk of the common pleas court inadvertently used a court of appeals file stamp instead of a common pleas file stamp in indicating filing. The clerk for the two courts is the same, namely, "Thomas J. Enright, Clerk of Courts," as both file stamps indicate. See R.C. 2303.03. A paper (including a notice of appeal) is filed when it is delivered to the proper office. A file stamp is merely evidence of filing and does not determine the actual time of such delivery.

The notice of appeal was delivered to the proper clerk, the clerk of the trial court, Thomas J. Enright. The error of that clerk in using the wrong file stamp to indicate receipt neither can be imputed to appellee (appellant in the common pleas court), nor detract from the effectiveness of the filing of the notice of appeal on December 30, 1993. See *Welfare Fin. Corp. v. Estep* (1960), 170 Ohio St. 391, 11 O.O.2d 120, 165 N.E.2d 789; *Ordway v. Motor Express, Inc.* (1967), 11 Ohio St.2d 70, 40 O.O.2d 72, 227 N.E.2d 607; *Ferrebee v. Boggs* (1969), 18 Ohio St.2d 87, 47 O.O.2d 237, 247 N.E.2d 753; and *Cobb v. Cobb* (1980), 62 Ohio St.2d 124, 16 O.O.3d 145, 403 N.E.2d 991.

Accordingly, the second and third assignments of error should be overruled because notice of appeal was timely filed unless the agency can demonstrate to the contrary upon remand.

The first assignment of error should be sustained, the judgment reversed, and the cause remanded for a factual determination of when the agency order was actually mailed by appellant and when the notice of appeal was actually received by the agency, and for such further proceedings as may be appropriate.