MEMORANDUM DECISION
This is an appeal by appellant, Johnny Shane Chadwell, from a judgment of the Franklin County Court of Common Pleas granting appellee's motion to dismiss for failure to file a timely appeal.
By order mailed August 25, 1998, appellee, the Ohio State Racing Commission ("commission"), denied appellant's application for a 1997 thoroughbred owner's license. On September 11, 1998, appellant filed a notice of appeal with the trial court from the commission's order.
On September 17, 1998, the commission filed a motion to dismiss, asserting that appellant had failed to timely file a notice of appeal pursuant to R.C. 119.12. On September 28, 1998, appellant filed a response to the commission's motion to dismiss.
By decision filed February 23, 1999, the trial court granted the commission's motion to dismiss. The decision of the trial court was journalized by judgment entry filed on March 18, 1998.
On appeal, appellant, pro se, sets forth the following "grounds for appeal," which we construe as his single assignment of error:
 Appellant, Johnny Shane Chadwell, Pro Se, respectfully submits to this Court that Judge Richard S. Sheward's erred in granting Appellee's MOTION TO DISMISS filed September 17, 1998, case number 98CVF-09-7091, in that that ruling was not consistent with the evidence, argument presented and law.
The commission has filed a motion to dismiss, asserting that appellant has not submitted a brief in compliance with the scheduling orders of this court. In response, appellant has filed a motion to deny appellee's motion to dismiss.
In the present case, the trial court, in its decision granting the commission's motion to dismiss, noted that the commission's order denying appellant's application for a 1997 thoroughbred owner's license was mailed on August 25, 1998. The court further noted that "[i]t is undisputed that the Appellant filed his notice of appeal with the Ohio State Racing Commission and with this court on September 11, 1998." The court, citing the language of R.C. 119.12, held that appellant's failure to file his appeal within fifteen days constituted a jurisdictional defect which deprived the court of the ability to consider the appeal.
R.C. 119.12 provides in pertinent part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
In its decision, the trial court properly held that the filing requirements of R.C. 119.12 are jurisdictional. See, e.g.,Williams v. Drabik (1996), 115 Ohio App.3d 295, 296 (failure to file notice of appeal within fifteen days after mailing of notice of adjudication order as set forth in R.C. 119.12 deprives court of jurisdiction "to do anything other than dismiss the appeal");Harrison v . Ohio State Med. Bd. (1995), 103 Ohio App.3d 317, 321
("It is well settled that the failure to file a notice of appeal with the appropriate agency within the fifteen-day limit provided for in R.C. 119.12 is a jurisdictional defect").
Appellant does not dispute that his notice of appeal was filed beyond the fifteen-day time period required under R.C.119.12. Appellant argues, however, that his wife, who received the commission's mailing of the notice of its order on August 29, 1998, was required to pay part of the postage. Appellant contends that, because proper postage was not affixed until his wife paid the amount due on August 29, the notice should not be considered mailed until that time. In support, appellant relies on SunRefining Marketing Co. v. Brennan (1987), 31 Ohio St.3d 306.
In Sun, the Ohio Supreme Court held in pertinent part that:
 * * * [T]he fifteen-day appeal period in R.C. 119.12
does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09. Were we to hold otherwise, it is conceivable that an affected party could lose its right to appeal before receiving notice of an agency's decision, and thereby be deprived of its due process rights. Id.
at 309.
We find appellant's reliance on Sun to be unpersuasive, as that case is distinguishable from the instant action. Under the facts of Sun, the agency failed to serve a party with a certified copy of its decision by certified mail, return receipt requested, as specifically required under R.C. 119.09. Rather, the agency only sent a copy to the party's attorney. This court has previously noted, in considering the holding in Sun, that if a party "is not even sent a copy of the agency's order from which the party may wish to appeal, due process is not satisfied."Tandon v. Ohio State Medical Bd. (Sept. 30, 1996), Franklin App. No. 96APE04-436, unreported (1996 Opinions 3970, 3976). However, the due process concerns in Sun are not present in the instant case. Appellant does not contend that he failed to receive a certified copy of the commission's order (nor does appellant contend that he refused to accept the certified mail because of insufficient postage). Further, the order mailed by the commission included a statement informing appellant how to perfect an appeal, i.e., that he was required to file a notice of appeal with the commission and the court "within fifteen days after the date of the mailing of this letter." Under these circumstances, appellant has failed to show that he was denied due process based on a failure to comply with R.C. 119.09. Tandon, supra.
Appellant also appears to contend that he should have been allowed thirty days in which to file his notice of appeal based on an earlier request he made to an assistant attorney general seeking "thirty days (30) * * * in which to respond to [certain] time sensitive material." Appellant argues that his prior request for thirty days to respond to the material cited above was a request for an extension of time as to "all future time sensitive matters." Appellant's contention is without merit. The right to appeal is conferred by statute and the provision under R.C. 119.12 relating to the time for filing a notice of appeal is mandatory. Capparell v. Love (1994), 99 Ohio App.3d 624,629.
Appellant also contends that R.C. 119.12 as applied is "unconstitutionally unfair" because it "punishes those who live farther away," i.e., out-of-state residents. We find no merit to this contention. The right of appeal is not an inherent right but is one conferred by statute, and the legislature "may condition the exercise of this right as it sees fit." Townsend v. Bd. ofBldg. Appeals (1976), 49 Ohio App.2d 402, 404. R.C. 119.12 is neutral and does not discriminate between in-state and out-of-state parties. As previously noted, in the instant case, the record indicates that the commission provided appellant with notice of its order, including instructions as to appellant's appeal rights. Further, despite the fact that appellant's mailing address was out-of-state (Florida), the commission's mailing of its August 25, 1998 order was received at appellant's address on August 29, and he was thus afforded a reasonable time in which to assert his appeal rights. Finally, we note that in appellant's response to appellee's motion to dismiss before the trial court, appellant did not contend that the commission's mailing of its order took a lengthy amount of time to arrive by mail. Rather, appellant offered the defense that he was employed as an "over the road cross country truck driver," and that he was "out of town working from August 26, 1998 until September 6, 1998." Appellant's constitutional argument is not well taken.
Based upon the foregoing, the trial court properly held that it lacked jurisdiction to consider the appeal, and appellant's single assignment of error is overruled. In light of our disposition of appellant's assignment of error, the commission's motion to dismiss, as well as appellant's motion in response, are hereby rendered moot.
Having overruled appellant's single assignment of error, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
PETREE and TYACK, JJ., concur.