OPINION
{¶ 1} Plaintiff-appellant, Dr. Paul O. Gardner, D.V.M., appeals from the Clinton County Court of Common Pleas' decision dismissing for lack of jurisdiction his appeal from an order issued by defendant-appellee, Ohio Veterinary Medical Licensing Board (hereinafter, "the board"), which permanently revoked his license to practice veterinary medicine.
 {¶ 2} On February 20, 2002, the board issued a finding and order permanently revoking Gardner's license to practice veterinary medicine. The board mailed a copy of the finding and order to Gardner on the same day it was issued.
 {¶ 3} On March 5, 2002, Gardner mailed a notice of appeal to the Clinton County Common Pleas Court, which was received on March 6, 2002. That same day, Gardner also mailed a notice of appeal to the board via certified mail, return receipt requested. The return receipt was signed, but not dated, by a "Donna Fickel." The board asserts that it did not receive Gardner's notice of appeal until March 8, 2002, which was one day after the expiration of the 15-day time limit for filing such notices of appeal. See R.C. 119.12.
 {¶ 4} The board moved to dismiss Gardner's appeal with the Clinton County Common Pleas Court for lack of jurisdiction. After each party briefed the issue, the trial court dismissed Gardner's cause for lack of jurisdiction.
 {¶ 5} Gardner's sole assignment of error states:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN GRANTING THE BOARD'S MOTION TO DISMISS FOR LACK OF JURISDICTION."
 {¶ 7} Gardner argues that the trial court erred by dismissing his appeal for lack of jurisdiction because the evidence shows that he timely mailed a notice of appeal to the board and, thus, was entitled to the presumption that the notice was timely delivered. Gardner further argues that the board failed to present sufficient evidence to rebut this presumption of timely delivery. We agree with Gardner's arguments.
 {¶ 8} R.C. 119.12 provides in relevant part:
 {¶ 9} "Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *.
 {¶ 10} "* * *
 {¶ 11} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."
 {¶ 12} Compliance with the 15-day time limit for filing the requisite notices of appeal is mandatory, and a failure to comply with it deprives the trial court of jurisdiction to hear the appeal. See Zier v.Bur. of Unemployment Comp. (1949), 151 Ohio St. 123, 125.
 {¶ 13} Here, it is undisputed that the board mailed its order permanently revoking Gardner's license to Gardner and his attorney on February 20, 2002. Thus, Gardner was required to file his notices of appeal to the board and the common pleas court no later than March 7, 2002. It is also undisputed that Gardner timely filed his notice of appeal with the Clinton County Common Pleas Court on March 6, 2002. Therefore, the question that remains is whether Gardner timely filed his notice of appeal with the board.
 {¶ 14} In support of its contention that it did not receive Gardner's notice of appeal until March 8, 2002, the board presented the affidavit of its Executive Secretary, Attorney Heather L. Hissom, which states:
 {¶ 15} "I, Heather L. Hissom, being first duly sworn, depose and say:
 {¶ 16} "1. I am the Executive Secretary of the Ohio Veterinary Medical Licensing Board (`Board'), and have been so employed since January 2001.
 {¶ 17} "2. I am familiar with the Board's Finding and Order in File #00-00-01 and 01-01-022, regarding Paul O. Gardner, D.V.M.
 {¶ 18} "3. The Finding and Order in File #00-00-01 and 01-01-022 were mailed to Paul O. Gardner, D.V.M., and Armin Frank [Gardner's attorney] on February 20, 2002.
 {¶ 19} "4. The Board received Dr. Gardner's notice of appeal on March 8, 2002.
 {¶ 20} "Further Affiant sayeth (sic, saith) naught."
 {¶ 21} In support of his contention that the notice of appeal was timely mailed and therefore should be accorded the presumption of timely delivery, Gardner presented the affidavit testimony of Goshen, Ohio's Postmaster, Connie Danford, which states:
 {¶ 22} "Affiant, Connie Danford, first being duly sworn, says that the within statements based on her knowledge and belief, are true and further
 {¶ 23} "1. I am the Postmaster of Goshen, Ohio.
 {¶ 24} "2. On March 5, 2002, at 10:52 a.m., article no. P 285 504 544 was sent to the Ohio Veterinary Licensing Board at 77 S. High Street, 16th Floor, Columbus, Ohio 43266-0115. See attached receipt for certified mail.
 {¶ 25} "3. That article was signed for by an agent of the addressee. However, the receipt is incorrectly completed because it fails to show the date of delivery.
 {¶ 26} "4. That article should have been received on March 6th, but in no event later than March 7th, 2002.
 {¶ 27} "5. The sender was entitled to rely upon normal mailing procedure providing delivery not later than March 7, 2002.
 {¶ 28} "Further, affiant sayth [sic, saith] naught."
 {¶ 29} In Dudukovich v. Housing Auth. (1979), 58 Ohio St.2d 202, the court considered whether a party had complied with the requirements of R.C. Chapter 2505, pertaining to the filing of a notice of appeal from an agency decision. Initially, the court found "that the act of depositing the notice in the mail, in itself, does not constitute a `filing,' at least where the notice is not received until after the expiration of the prescribed time limit." Dudukovich at 204. The court then considered whether the agency whose decision was being appealed had received Dudukovich's notice of appeal within the ten-day time limit prescribed by the version of R.C. 2505.07 then in effect. Id. at 205. The court concluded that a "presumption of timely delivery" should be applied in determining whether the notice of appeal was timely filed. Id. After noting that "a copy of the notice of appeal was sent by certified mail, to a destination within the same city, five days prior to the expiration of the statutory time limit" and that the agency had "presented no evidence of late delivery," the court determined that "a presumption of timely delivery controls" and, therefore, the common pleas court correctly assumed jurisdiction in the case. Id.
 {¶ 30} One appellate court has applied "the presumption of timely delivery" principle discussed in Dudukovich to cases involving administrative appeals brought pursuant to R.C. 119.12. See Gingo v. OhioState Med. Bd. (1989), 56 Ohio App.3d 111. Paragraph one of Gingo's
syllabus states:
 {¶ 31} "The notice of appeal required to be filed with a state agency in an appeal of an adjudication order pursuant to R.C. 119.12 is presumptively timely delivered when it is shown to have been mailed within sufficient time for it to have arrived at the agency before the fifteen-day time limit. In other words, it is presumed that once the notice of appeal timely enters the ordinary course of the mails, the notice will be timely delivered."
 {¶ 32} The Gingo court further held that "[t]he party contesting the timeliness of an R.C. 119.12 notice of appeal has the burden of proof of rebutting the presumption resulting from the timely mailing of the notice." Gingo at paragraph two of the syllabus.
 {¶ 33} We conclude that the aforementioned principles enunciated in Gingo are sound and should be applied to this case. Our decision to do so is based on the general proposition that, where possible, cases should be decided on their merits rather than on procedural grounds. See, generally, Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79 and 81.
 {¶ 34} The Gingo court also held that "[a]n administrative agency may not overcome th[e] presumption [of the timely delivery of a notice of appeal, following evidence of its having been timely mailed] by merely introducing the agency's time-stamped date of reception of the notice of appeal." Id. However, we need not decide in this case whether an administrative agency may overcome the presumption of a timely delivery by merely introducing the agency's time-stamped date of its reception of the notice, because, in this case, the board never introduced into evidence a time-stamped copy of Gardner's notice of appeal. Instead, the board relies exclusively on the affidavit of its Executive Secretary, Heather Hissom, which states that the board received Gardner's notice of appeal one day too late. We agree with Gardner that this affidavit, standing alone, was insufficient to overcome the presumption of timely delivery.
 {¶ 35} First, Gardner's evidence established that his mailing of the notice of appeal was entitled to the presumption of timely delivery. The affidavit of Goshen, Ohio's Postmaster, Connie Danford, established that Gardner mailed his notice of appeal to the board on March 5, 2002. Danford's affidavit testimony demonstrated that the notice should have arrived on March 6, 2002, but in no event later than March 7, 2002. Thus, it became the board's duty to rebut the presumption of a timely delivery.
 {¶ 36} The board attempted to meet this obligation by presenting Hissom's affidavit. Hissom's affidavit states that the board received Gardner's notice of appeal on March 8, 2002. However, Gardner presented evidence showing that the notice of appeal was first received by a "Donna Fickel," who did not date the Return Receipt. Hissom's affidavit offers no explanation as to how she was aware that the notice of appeal was filed on March 8, 2002, and not earlier. The board did not present affidavit testimony from either Fickel or Hissom that the notice of appeal was immediately brought to Hissom upon its receipt, nor did it present any testimony stating that it is the board's practice to stamp notices of appeal as "filed" or "received" on the actual date of their delivery. Indeed, as we have already noted, the board never even presented the trial court with a time-stamped copy of Gardner's notice of appeal. Under these circumstances, we conclude that the board failed to present sufficient evidence to rebut the presumption of timely delivery.
 {¶ 37} The trial court acknowledged that Gingo was "more supportive" of Gardner's position, but noted that the decision was not binding on it since it was from the Ninth District Court of Appeals. The trial court noted that this court has distinguished Gingo in cases likeKilburn v. South Lebanon (Oct. 2, 1995), Warren App. No. CA94-12-105. The trial court further noted that the Tenth District Court of Appeals has distinguished Gingo as well. See, e.g., Capparell v. Love (1994),99 Ohio App.3d 624. However, both Kilburn and Capparell are readily distinguishable from the circumstances presented here.
 {¶ 38} In Kilburn v. South Lebanon, Kilburn appealed to the common pleas court from a village's order terminating him from his position as chief of police. Although Kilburn filed his notice of appeal with the common pleas court, there was no evidence showing that he filed a notice of appeal with the village as required by R.C. 2505.04. As we noted inKilburn, the issue in Gingo was whether Gingo's notice of appeal had beentimely filed with the medical board, whereas in Kilburn, the issue was whether Kilburn's notice of appeal had ever been filed at all with the village. Capparell is also distinguishable. There, the evidence showed that the notice of appeal filed with the agency whose order was being appealed had a time stamp showing that the notice of appeal was filed several days too late. Here, by contrast, there was no evidence beyond Hissom's affidavit to show that Gardner's notice of appeal was filed one day too late. As stated earlier, Hissom's affidavit testimony failed to explain how she was aware that the notice of appeal was not received by the board until March 8, 2002. Thus, the trial court's reliance onKilburn and Capparell is misplaced.
 {¶ 39} Gardner's sole assignment of error is sustained.
 {¶ 40} The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion and in accordance with law.
POWELL, P.J., and YOUNG, J., concur.