JOURNAL ENTRY AND OPINION
{¶ 1} In this administrative appeal plaintiff-appellant, Jacqueline Ketterer, appeals from an order of the court of common pleas in favor of defendant-appellee City of Cleveland. For the reasons that follow, this appeal has merit.
 {¶ 2} Appellant served as a Cleveland police officer since 1989. At the time she was hired, Ketterer knew the City of Cleveland had a mandatory residency requirement for its employees. Sometime in 1999 or 2000, the City's Civil Service Commission received an anonymous tip from someone who said appellant was not a City resident. An investigation commenced. In May 2000, appellant received notice of a residency hearing to be held before the commission.
 {¶ 3} At the hearing, a referee heard evidence which revealed that appellant and her husband owned two homes, one in Cleveland on Munn Road and one in Westlake, Ohio. Appellant's husband and children resided in the Westlake home while appellant supposedly resided in Cleveland at the Munn Road address. At the hearing, appellant testified that she often visited her family in Westlake in order to do cooking, cleaning, and other family related activities, but that she regularly returned to the Cleveland home to sleep. The City presented evidence to show appellant was not regularly staying in Cleveland at all, but was actually living in Westlake with her family.
 {¶ 4} In February 2001, the referee issued his decision in which he concluded appellant did not meet the City's residency requirement and must, therefore, be discharged from her employment as a Cleveland police officer. Appellant appealed the referee's decision to the commission. Following a hearing in June 2001, the commission affirmed the City's dismissal of appellant.
 {¶ 5} On July 27, 2001 appellant appealed the commission's decision to the court of common pleas. On November 5, 2001, Ketterer filed a motion for judgment on the pleadings in which she argued that she was automatically entitled to reinstatement because the city had not filed the June 2001 record required by R.C. 119.12.[1] The court's docket reflects that, without leave of court, the city filed the record on December 18, 2001, one-hundred and forty-five days after it should have been filed.
 {¶ 6} On April 23, 2002, without a hearing, the common pleas court denied appellant's motion for judgment on the pleadings and affirmed the decision of the commission. Appellant filed this timely appeal in which she presents four assignments of error.
The Trial Court Erred In Denying Appellant's Motion For Judgment On The Pleadings Pursuant To Civil Rule 12(C) When The City Of Cleveland Failed To File The Civil Service Commission's Records With The Court Of Common Pleas Within The Time Allowed Under Ohio Revised Code Section 119.12. (Appellant's Notice Of Appeal; April 23, 2002 Order Of Judge Daniel Gaul).
 {¶ 7} Ketterer argues the trial court erred in denying her motion for judgment on the pleadings. She argues that because the city failed to file a complete record of proceedings within thirty days from her notice of appeal, she is entitled to reinstatement. We agree.
 {¶ 8} R.C. 119.12 sets forth, in relevant part, the following mandate: "Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply." Emphasis added.
 {¶ 9} As the Supreme Court of Ohio has explained, "the language of the statute is clear; if the agency fails to comply, then the court must
enter a finding in favor of the party adversely affected. The statute entitles the party to be put in the same position as if the court had ruled on the merits." (Emphasis added.) State ex rel. Crockett v.Robinson (1981), 67 Ohio St.2d 363, 365; See, Arlow v. Ohio Rehab. Serv.Comm. (1986), 24 Ohio St.3d 153, 155; Matash v. State (1964),177 Ohio St. 55, syllabus; Graham v. Ohio State Bd. of Accountancy (Nov. 9, 1992), Warren App. No. CA91-11-087. Under Crockett, a court is required to order reinstatement of an employee when the administrative agency wholly fails to file a record in accordance with the timing requirements of R.C. 119.12.
 {¶ 10} Further, because the facts are similar to the case at bar,Jenneman v. Ohio State Bd. Of Ciropractic Examiners (1985),21 Ohio App.3d 225, 486 N.E.2d 1272, is persuasive authority here. InJenneman, a board of examiners suspended Jenneman's chiropractic license for two years. Jenneman appealed to the court of common pleas under R.C.119.12. When the board of examiners failed to file a record of the proceedings within the time-period specified in R.C. 119.12, Jenneman moved for judgment on the pleadings. Then, more than sixty days after the required thirty-day time period, the board certified the record to the court. Jenneman withdrew her motion for a judgment on the pleadings and moved to strike the transcript from the record. The court granted Jenneman's motion to strike and then entered an order stating that the board's decision was "not supported by reliable, probative and substantial evidence." On appeal to the court of appeals, that court determined that the "motion" contemplated by R.C. 119.12 is a motion for judgment in appellant's favor under the statute, not a motion to strike, and that the "finding" is an order in favor of the appellant on procedural grounds, not a judgment for an appellant based on a finding that the administrative order is not supported by reliable, probative and substantial evidence. Id., at 228.
 {¶ 11} The appellate court reversed and remanded the case "with instructions to the court of common pleas to enter a finding in favor of Jenneman for failure of the board to comply with the filing mandate of R.C. 119.12." Jenneman, supra, at 228; See Sinha v. Ohio Dep't of Agric.
(Mar. 5, 1996), Franklin App. No. 95APE09-1239; Graham v. Ohio State Bd.of Accountancy (Nov. 9, 1992), Warren App. No. CA91-11-087.
 {¶ 12} As in Jenneman, the Board in the case at bar also failed to certify a record to the court within thirty days as required by R.C.119.12. The record was not filed until December 18, 2001, one-hundred and forty-five days after it should have been filed. Moreover, there is no evidence the Board ever requested leave of court to file the record outside the thirty-day mandate of the statute. As a matter of law, the common pleas court erred in denying appellant's motion for judgment on the pleadings and for a finding of reinstatement. We sustain appellant's first assignment of error. Because appellant's first assignment of error has merit, we do not need to address the remaining assignments of error.[2]
 {¶ 13} We reverse the judgment below and remand this case with instructions to the court of common pleas to enter a finding in favor of Ketterer for failure of the Board to comply with the filing mandate of R.C. 119.12.
This cause is reversed and remanded.
ANN DYKE, P.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] R.C. 119.12 requires that an agency shall prepare and certify to the court a complete record of the proceedings in the case "[w]ithin thirty days after receipt of a notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code." In this case, thirty days from appellant's filing of her notice of appeal would have been August 27, 2001.
[2] II. The Trial Court Erred In Affirming The Decision Of The City Of The City Of Cleveland's Civil Service Commission By Employing The Incorrect Standard Of Review In Reviewing A Police Dismissal Under Ohio Revised Code Section 124.34. (Appellant's Notice Of Appeal; April 23, 2002 Order Of Judge Daniel Gaul).
III. The Determination By The City Of Cleveland's Civil Service Commission That Appellant Is Not A Resident Of The City Of Cleveland And Appellant's Subsequent Discharge Is Contrary To Law As The City Of Cleveland's Process For Determining Residency Violates Due Process. Thus The Trial Court Erred By Affirming The Commission's Decision To Remove Appellant. (Transcript Of Referee's Hearing).
IV. The Trial Court Erred In Affirming The Decision Of The City Of Cleveland's Civil Service Commission Because The City Did Not Prove The Truth Of The Charges Against Appellant By A Preponderance Of The Evidence, As Is Required By Law. (April 23, 2002 Order Of Judge Daniel Gaul).